UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SIEHNA M. COTTON, a minor, by and Fungula Fumu Ngondji, her guardian ad litem; and MARTIN COTTON, SR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF EUREKA, CALIFORNIA, a political subdivision of the State of California, et al.,<br><br>Defendants. | Case No: C 08-4386 SBA<br><br>**ORDER DENYING DEFENDANTS' MOTION TO EXTEND NON-EXPERT DISCOVERY CUT-OFF**<br><br>Docket 58 |

The parties are presently before the Court on Defendants' Motion to Extend Non-Expert Discovery Cut-Off. Having read and considered the papers submitted, and being fully informed, the Court DENIES the motion.

**I.      BACKGROUND**

On September 18, 2008, Plaintiffs, the minor daughter and father of the decedent, Martin Cotton II, filed the instant action under 42 U.S.C. § 1983 against the City of Eureka ("City"), County of Humboldt ("County") and various City police officers and County correctional officers. Plaintiffs allege that the decedent died while the County jail as a result of a beating inflicted by City police officers and the County defendants' subsequent failure to provide medical care.

Consistent with Federal Rule of Civil Procedure 16, the Court conducted the initial case management conference in this action on April 8, 2009. With the input and acquiescence of all parties, the Court, inter alia, set the trial date for April 10, 2010, and a discovery cut-off date of December 9, 2009.

On October 21, 2009, the Court, at the parties' request, modified the case management order. The discovery cut-off was continued from December 9, 2009, to February 15, 2010, and trial was rescheduled from April 10, 2010, to June 14, 2010. Several months later, the parties submitted another request to enlarge the Court's case management schedule for additional three months. Thus, on February 3, 2010, the Court extended the discovery cut-off from February 15, 2010, to May 12, 2010, and continued the trial from June 14, 2010 to October 4, 2010. The Court expressly warned the parties that "*[a]bsent exigent and unforeseeable circumstances, there will be no further continuances of the pretrial deadlines* or the trial date." Docket 44 at 2 (emphasis added).

On January 25, 2010, Defendants caused the issuance of subpoenas to U.C. Davis to obtain medical records of the decedent (which pertain to prior treatment unrelated to the incidents forming the basis of this action). According to Defendants, Plaintiffs have objected to the subpoenas and U.C. Davis has refused to comply with them absent a court order. Thus, on May 12, 2010, the discovery cut-off date, Defendants filed a motion in the Eastern District of California (the judicial district from which the subpoenas were issued) to enforce the subpoenas. However, the Magistrate Judge in the Eastern District assigned to the matter has indicated that she will consider Defendants' motion only if this Court agrees to extend the deadline for non-expert discovery.

Despite the Court's prior admonition regarding further requests to modify the Court's case management order, the City defendants, joined by the County defendants, have yet again requested to modify the Court's pretrial schedule. In particular, Defendants seek to extend the discovery cut-off by *forty days* so that their motion to enforce the subpoenas will be considered by the Eastern District. They further request that in the event the Eastern District orders the production of the requested records, that the Court extend the discovery cut-off by *an additional thirty days* to accommodate the production of records by U.C. Davis.[1]

---

[1] Plaintiffs have not opposed the motion, but are unwilling to stipulate the proposed modification to the Court's pretrial schedule.

## II. DISCUSSION

Rule 16 provides that deadlines established in a case management order may "be modified only for good cause[.]" Fed.R.Civ.P. 16(b)(4). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id.; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). Where the moving party has not been diligent, the inquiry ends and the request to modify the court's pretrial scheduling order should be denied. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir.2002); Johnson, 975 F.2d at 609.

Upon review of the motion papers submitted, as well as the record in this action, the Court is persuaded that Defendants' predicament is due to their own lack of diligence. This case has been pending for close to two years, and discovery has been open in this case since at least March 18, 2009.[2] As such, Defendants have had more than ample opportunity to obtain the discovery necessary to prepare their defense in this action. Given the alleged significance of the decedent medical records, it was incumbent upon Defendants to have sought this information at the outset of the case, rather than waiting until the close of discovery.[3] Moreover, in light of the Court's prior warning that no further modifications of the pretrial scheduling order would be considered absent exigent or unforeseeable circumstances, Defendants should not have waited until the discovery cut-off date before filing their motion to enforce the subpoenas. Thus, the Court concludes that any prejudice to Defendants resulting from their purported inability to obtain the decedent's medical records is of their own making.

---

[2] Discovery commences once the parties have engaged in their Rule 26 conference, which is to take place no later than twenty-one days prior to the case management conference. Fed.R.Civ.P. 26(d)(1), (f)(1). The initial case management conference in this case took place on April 8, 2009. Docket 22.

[3] At the time Defendants caused the issuance of the subpoenas on January 25, 2010, the discovery cut off was then February 14, 2010.

## III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendants' Motion to Extend Non-Expert Discovery Cut-Off is DENIED.  This order terminates Docket 58.

IT IS SO ORDERED.

Dated: June 9, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge