UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SIEHNA M. COTTON, et al.,<br><br>      Plaintiffs,<br><br>   vs.<br><br>CITY OF EUREKA, et al.,<br><br>      Defendant. | Case No:  C 08-4386 SBA<br><br>**ORDER DENYING COUNTY DEFENDANTS' EX PARTE APPLICATION**<br><br>Docket 66, 67 |

The parties are presently before the Court on the Ex Parte Application and Order Extending Time to Hearing Motion for Summary Judgment/Partial Summary Judgment filed by Defendants County of Humboldt, HCCF Corporal Griffin, HCCF Officer Cangas, HCCF Officer Christensen, HCCF Officer Rossiter and HCCF Officer Strong (collectively "County Defendants"). (Docket 66.)  The Court construes County Defendants' request as a motion to change time under Civil Local Rule 6-1(b) and 6-3.  Having read and considered the papers submitted, and being fully informed, the Court DENIES the motion.

I.     **BACKGROUND**

On September 18, 2008, Plaintiffs, the minor daughter and father of the decedent, Martin Cotton II, filed the instant action under 42 U.S.C. § 1983 against the City of Eureka ("City") and County Defendants, among others.  Plaintiffs allege that the decedent died while the County jail as a result of a beating inflicted by City police officers and the County Defendants' subsequent failure to provide medical care.

Consistent with Federal Rule of Civil Procedure 16, the Court conducted the initial case management conference in this action on April 8, 2009.  With the input and acquiescence of all

parties, the Court, inter alia, set the trial date for April 10, 2010, and a discovery cut-off date of December 9, 2009.  The Court set February 23, 2010 as the last day to hear motions, and expressly warned the parties to avoid waiting until the last minute to file their motions:

> The parties are advised not to wait until 35 days prior to the law and motion cutoff date to file and serve their motion. As the Court's law and motion calendar tends to fill quickly, there is *no* guarantee that a hearing date within the law and motion cut-off date will be available.

(Docket 23 at 2.)

On October 21, 2009, the Court, at the parties' request, modified the case management order.  The law and motion cut-off was continued from February 23, 2010, to April 20, 2010, and trial was rescheduled from April 10, 2010, to June 14, 2010.  (Docket 39.)  Several months later, the parties submitted another request to enlarge the Court's case management schedule for additional three months.  Thus, on February 3, 2010, the Court extended the law and motion cut-off from April 20, 2010, to July 27, 2010, and continued the trial from June 14, 2010 to October 4, 2010.  (Docket 44 at 1-2.)  The Court expressly warned the parties that "*[a]bsent exigent and unforeseeable circumstances, there will be no further continuances of the pretrial deadlines* or the trial date."  (Id. at 2 (emphasis added).)

County Defendants are now before the Court seeking to extend the law and motion cut-off date in order to have their summary motion heard after the discovery cut-off date of July 27, 2010.  Specifically, County Defendants filed their motion on June 18, 2010, and noticed it for hearing on July 27, 2010.  However, the next available hearing date on the Court's calendar is September 14, 2010.  As such, County Defendants request that the Court extend the law and motion cut-off and set the motion for hearing on the next available hearing date.  Plaintiffs oppose the motion on the grounds that County Defendants have been dilatory and have otherwise failed to demonstrate good cause for their request.

## II.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 16(b)(3)(A), district courts must enter a scheduling order to establish deadlines to, among other things, "complete discovery" and "file motions."  Scheduling orders may also include "dates for pretrial conferences and for trial."

Fed.R.Civ.P. 16(b)(3)(B)(v).  Once a Rule 16 scheduling order is entered, the schedule "may be modified only for good cause and with the judge's consent."  Fed.R.Civ.P. 16(b)(4). "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (citation and quotations omitted).  Thus, if the party seeking the modification of the scheduling order "was not diligent, the inquiry should end."  Id. at 609.

County Defendants have failed to demonstrate good cause to grant their request for a third modification of the pretrial scheduling order.  In its most recent order granting the parties' request for a continuance, the Court warned the parties that "[a]bsent exigent and unforeseeable circumstances, there will be no further continuances of the pretrial deadlines . . . ." (Docket 44 at 2.)  Despite this, County Defendants have failed to make any showing of exigent and unforeseeable circumstances.  Moreover, the record demonstrates that County Defendants have had more than ample opportunity to have their motion heard in the almost two years that this case has been pending.  Instead, County Defendants waited until the last minute to file their motion, notwithstanding the Court's prior admonition "*not* to wait until 35 days prior to the law and motion cutoff date to file and serve their motion[.]" (Docket 23 at 2).  County Defendants have no one to blame for their predicament but themselves.

## III. **CONCLUSION**

In sum, the Court that County Defendants have failed to demonstrate good cause to extend the law and motion cut-off.  Accordingly,

IT IS HEREBY ORDERED THAT the County Defendants' Ex Parte Application and Order Extending Time to Hear Motion for Summary Judgment/Partial Summary Judgment (Docket 66) is DENIED.  County Defendants' summary judgment motion (Docket 67) shall be terminated and deemed DENIED.

IT IS SO ORDERED.

Dated: June 29, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge