1  William R. Bragg # 070247
   Andrew J. Stunich #197698
2  **BRAGG, PERLMAN, RUSS,**
   **STUNICH & EADS, LLP**
3  1036 Fifth Street, Suite E
   P.O. Box 1248
4  Eureka, CA 95502-1248
   Telephone: (707) 442-2927
5  Fax No.: (707) 443-2747
   E-mail address: bragglaw@sbcglobal.net
6
   Attorneys for Defendants
7  County of Humboldt, HCCF Corporal Griffin;
   HCCF Officer Cangas; HCCF Officer Christensen;
8  HCCF Officer Morgan; HCCF Officer Rossiter;
   and HCCF Officer Strong
9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12
   SIEHNA M. COTTON, a minor, by          Case No.  **C 08-04386 SBA**
13 Fungula Fumu Ngondji, her guardian ad
   litem; and MARTIN COTTON, SR., an
14 individual,
                                           **APPLICATION FOR RELIEF OF**
15                  Plaintiffs,            **PARTY ATTENDANCE AT**
         vs.                               **SETTLEMENT CONFERENCE**
16
   CITY OF EUREKA, CALIFORNIA, a
17 political subdivision of the State of   Date:    February 1, 2011
   California; COUNTY OF HUMBOLDT,         Time:    9:00 a.m.
18 CALIFORNIA, a political subdivision of  Ctrm:    G
   the State of California; JUSTIN WINKLE, Judge:   U.S. Magistrate,
19 an individual; ADAM LAIRD, an                    Bernard Zimmerman
   individual; STEVEN WATSON, an
20 individual; JOSH SIIPOLA, an individual;
   BRIAN FRANCO, an individual; HCCF
21 CORPORAL GRIFFIN, an individual;
   HCCF OFFICER CANGAS, an individual;
22 HCCF OFFICER CHRISTENSEN, an
   individual; HCCF OFFICER MORGAN,
23 an individual; HCCF OFFICER
   ROSSITER, an individual; HCCF
24 OFFICER STRONG, an individual; and
   DOES 1 to 20, inclusive,
25
                    Defendants.
26 _____/

27      The individual correctional officer defendants request that they be relieved from

28 attending the Settlement Conference presently scheduled before Magistrate Judge Bernard

Zimmerman on February 1, 2011. This request is made both on their individual behalf as well as on behalf of their employer, the Humboldt County Sheriff's Department, Correctional Division which is charged with responsibility of maintaining proper staffing and security at the Humboldt County Correctional facility.

The grounds for this request is that it would be an unusual hardship on the correctional officers individually and on their employer for both financial and logistical reasons. In addition, their presence or absence will have absolutely no impact on ultimate settlement in this case. Their approval is not required for settlement and their individual contributions toward potential settlement would be deminimus.

The six individual correctional officers are only exposed to punitive damages which could only be awarded if:

1. Each one of them were found to have actually known that the decedent suffered from a serious medical condition and consciously chose to do nothing about it and;

2. Acted with the type of malice that would support a finding of punitive damages.

The decedent died from a subdural hematoma which the plaintiff's own physician has testified is exceedingly difficult for a non-medical person to diagnose without significant symptomology and access to diagnostic tests such as MRI's or CT scans. He further testified that the principal symptomology one would expect from a person suffering from a subdural hematoma would be complaints of headaches and lethargy. The evidence is undisputed that the plaintiff exhibited neither of those symptoms upon entry and housing in the correctional facility.

Each of the six correctional officers that are named defendants have submitted declarations to the court under penalty of perjury that they had no knowledge of the decedent's serious medical condition. He was resistive and violent when he entered into the facility and was placed in a sobering cell which was consistent with jail policy. They were advised by arresting officers that he had not been struck in the head and they advised

medical personnel as soon as he entered into the facility. Medical personnel checked on him within the hour which is consistent with jail policy.

The likelihood that these officers will be subjected to a punitive damages award is extremely small.

In addition, these individual officers are not wealthy individuals. A number of them have families and do not have any insurance to contribute to any settlement discussion. Even if any of them were inclined to contribute toward a settlement that would release them from liability, their contribution would be deminimus in light of the last demand by plaintiffs of over $2 million dollars.

All six individual defendants work as correctional officers in Humboldt County. In addition to the fact that their absence would not be an impediment towards settlement, requiring them to travel to San Francisco would have significant adverse logistical and financial impacts on these defendants individually and defendant, County of Humboldt.

The County, as with virtually every county in California, is facing operational deficits. The scheduling of the settlement conference will require the County to pay the individual officers for their travel costs as well as lodging for at least one night. There is a minimum of five and a half hours travel time from Humboldt County to the location of the settlement conference. It is impracticable given the 9:00 a.m. time scheduled for commencement of the conference for the officers to travel from Humboldt County and return the same day. Depending upon the length of the settlement conference there may be a need for the County to incur the expense of housing the officers a second night after the settlement conference. These logistical costs alone would, in all likelihood, exceed $3,500.00.

In addition, many of the officers have scheduled shifts at the Humboldt County Correctional facility which will have to be rescheduled and/or covered by other officers doing double shifts. The County would have to continue to pay the officers during their trip to San Francisco in any event. This means the County will incur significant expense in officer salary and possibly in added overtime depending upon availability of other

officers to fill the defendant officers' shifts.

In light of the above, it is respectfully requested that the named defendant correctional officers be excused from personally attending the settlement conference presently scheduled for February 1, 2011.

Dated: December 29, 2010

Respectfully submitted,

BRAGG, PERLMAN, RUSS,
STUNICH & EADS LLP

By: _____
WILLIAM R. BRAGG
Attorneys for Defendants
County of Humboldt, HCCF Corporal Griffin; HCCF Officer Cangas; HCCF Officer Christensen; HCCF Officer Morgan; HCCF Officer Rossiter; and HCCF Officer Strong

No opposition having been received, the request is GRANTED.

DATED: January 10, 2011

GRANTED
Judge Bernard Zimmerman
UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA