UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SIEHNA M. COTTON, a minor, by and Megan McClure, her guardian ad litem; and MARTIN COTTON, SR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF EUREKA, CALIFORNIA, a political subdivision of the State of California, COUNTY OF HUMBOLDT, CALIFORNIA, a political subdivision of the State of California, et al.,<br><br>Defendants. | Case No: C 08-04386 SBA<br><br>**SUPPLEMENTAL ORDER RE MOTIONS IN LIMINE AND ORDER FOR FURTHER BRIEFING** |

The instant civil rights action under 42 U.S.C. § 1983 arises from the death of Martin Cotton II ("Decedent"), who allegedly was beaten by City of Eureka ("the City") police officers, and died hours later of a subdural hematoma while in custody at the Humboldt County Correctional Facility ("HCCF"). Plaintiffs have alleged claims for excessive force and deliberate indifference to serious medical needs against the City and certain of its officers (collectively "City Defendants"), a claim for deliberate indifference to serious medical needs against the County of Humboldt ("the County") and various HCCF correctional officers (collectively "County Defendants")[1], and related federal and state law claims against these Defendants.

---

[1] Since the County and Devin Strong no longer are party-defendants to this action, "County Defendants" refers to HCCF correctional officers Dennis Griffin, Chet Christensen, Fernando Cangas and Frances Morgan.

On December 14, 2010, the Court issued a written decision on the parties' motions in limine. Cotton v. City of Eureka, No. C 08-4386 SBA, 2010 WL 5154945 (N.D. Cal. Dec. 14, 2010), Dkt. 147. Subsequently, on August 31, 2011, the Court issued its ruling on the County Defendants and the City Defendants' respective motions for summary judgment. Based on that ruling, the Court sua sponte reconsiders and clarifies certain of its rulings on the parties' motions in limine. See Amarel v. Connell, 102 F3d 1494, 1515 (9th Cir. 1996) (citation omitted) ("the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment").[2]

I. **DISCUSSION**

　　A. **COUNTY DEFENDANTS' MOTION IN LIMINE NO. 1**

　　　　1. **Use of a Taser**

The County Defendants previously moved to exclude various opinions of Plaintiffs' expert, Roger Clark, including his opinions that a taser was used on the Decedent while he was in the sobering cell. County Defs.' Mot. in Limine at 2, Dkt. 123. Mr. Clark claimed that in reviewing the surveillance recordings showing the Decedent in the sobering cell, he observed that a taser was used on the Decedent. Given the record then presented, the Court denied the County Defendants' motion in limine to exclude Mr. Clark's opinions regarding the use of a taser. Cotton, 2010 WL 5154945, at *19.

In reviewing the County Defendants' motion for summary judgment, the Court concluded that, in fact, there is no factual basis to support Mr. Clark's assertion that a taser was discharged. Id. In view of that finding, Plaintiffs agreed at the pretrial conference that there is no foundation upon which Mr. Clark can render any opinions regarding the use of a taser. Therefore, the Court reconsiders its prior ruling and GRANTS the County Defendants' motion in limine no. 2. At trial, Mr. Clark may not offer any testimony related to the use of a taser by any County correctional officer on the Decedent.

---

[2] The Court discussed its intention to reconsider these rulings at the pretrial conference held on September 6, 2011, and allowed counsel to be heard on these issues.

### 2. Speculative Opinions

Plaintiffs intend to elicit expert testimony from Mr. Clark that the County Defendants were deliberately indifferent to the Decedent's serious medical needs. To establish a claim for deliberate indifference, the plaintiff must show (1) "a serious medical need by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations and citations omitted). To demonstrate the "deliberate indifference" prong of this test, "a plaintiff must show that the official was (a) *subjectively aware of the serious medical need* and (b) failed adequately to respond." Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010) (internal quotations and citations omitted, emphasis added). In other words, a plaintiff must show that defendant not only was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but also that he or she actually drew the inference. Farmer, 511 U.S. at 837. If the defendant "should have been aware of the risk," but nevertheless was not actually aware, the defendant "has not violated the Eighth Amendment, no matter how severe the risk." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotations and citations omitted).

In their first motion in limine, the County Defendants moved to preclude Mr. Clark's opinion testimony on the grounds that it was speculative and lacked foundation. Cotton, 2010 WL 5154945, at *17-*18. The Court rejected the County Defendants' argument and ruled that Mr. Clark had provided a factual basis for his opinions. Id. During the course of the pretrial conference, however, counsel for the County Defendants clarified that his position, in fact, is that expert testimony—on behalf of either Plaintiffs or the County Defendants—is inappropriate to establish the County Defendants' subjective knowledge. Based upon counsel's clarification, the Court agrees that Mr. Clark cannot offer such opinions. As explained in Farmer, "[w]hether [defendants] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including

inference from circumstantial evidence, and a factfinder may conclude that [defendants] knew of a substantial risk from the very fact that the risk was obvious." Id. at 837. As such, expert testimony is inappropriate to establish the County Defendants' *subjective awareness* of the Decedent's serious medical needs. See Gobert v. Caldwell, 463 F.3d 339, 348 n.29 (5th Cir. 2006) ("As we must focus on [the defendant's] subjective knowledge, expert testimony cannot create a question of fact as to what [defendant] actually knew.").

In view of the foregoing, the Court reconsiders its ruling on the County Defendants' motion in limine no. 1, and GRANTS the motion to the extent that Mr. Clark intends to testify regarding the subjective knowledge of the County Defendants. In addition, Mr. Clark may not offer legal conclusions or speculative factual conclusions based on their purported subjective knowledge, including, without limitation, that: the County Defendants' conduct was "intentional, reckless and dangerous; their actions "reflected a callous disregard for the life and safety of Mr. Cotton"; they disregarded the Decedent's serious medical condition; or that they "have no legitimate claim that they did not, or could not know of Mr. Cotton's serious injuries when he was booked into the jail." See County Defs.' Mots. in Limine at 1-2; Clark Expert Report ¶ 11, 12, Dkt. 118-1. These determinations are the province of the trier of fact, based on its assessment of the evidence and testimony presented. See Farmer, 511 U.S. at 837.

The above notwithstanding, the County Defendants' motion in limine is DENIED to the extent it seeks to foreclose Mr. Clark's testimony that HCCF policies and professional standards of practice required the County Defendants to medically assess the Decedent and to provide him with immediate medical treatment under the circumstances presented. Such testimony constitutes circumstantial evidence which, if credited by the trier of fact, could cast doubt on the County Defendants' claim that they were subjectively unaware of the Decedent's need for immediate medical attention. See Gobert, 463 F.3d at 348 n.29 ("We caution that the expert testimony is only probative of what inferences [the defendant physician], himself, *could have* made; whether he *should have* made the connection is irrelevant to this analysis.") (emphasis added); Watson v. Torruella, No. CIV S-06-1475

LKK EFB P, 2009 WL 3246805, at *6 (E.D. Cal. Oct. 7, 2009) (finding that expert testimony that the defendant physician failed to follow standard diagnostic procedures could provide the jury with circumstantial evidence that the physician was subjectively aware of the risk his treatment caused); see also Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir. 2003) ("[T]he officers' indifference to [plaintiff]'s extreme behavior, his obviously sickly appearance and his explicit statements that he needed food because he was a diabetic could easily lead a jury to find that the officers consciously disregarded a serious risk to [plaintiff]'s health.  Much like recklessness in criminal law, deliberate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm").

### B.     CITY DEFENDANTS' MOTION IN LIMINE NO. 14

Plaintiffs have alleged a § 1983 claim against the City under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) based on a "failure to train."  "[T]he inadequacy of police training may serve as a basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989).  "Failure to train may amount to a policy of 'deliberate indifference,' if the need to train was obvious and the failure to do so made a violation of constitutional rights likely."  Dougherty v. City of Covina, -- F.3d --, 2011 WL 3583404, at *6 (9th Cir. Aug. 16, 2011) (citing City of Canton, 489 U.S. at 390). The Supreme Court recently reiterated the difficultly of proceeding on such a claim, noting that "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."  Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011).

To state a failure to train claim, the Plaintiff must identify the deficiency in the training program and establish a nexus between that deficiency and the harm suffered.  See City of Canton, 489 U.S. at 391 (holding that "the identified deficiency in a city's training program must be closely related to the ultimate injury"); Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir. 2007) (requiring that the municipality have a training policy that amounts to deliberate indifference to the constitutional rights of the persons with whom

1  its employees are likely to come into contact). In addition, "[a] pattern of similar
2  constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate
3  deliberate indifference for purposes of failure to train." Connick, 131 S.Ct. at 1360.
4      In their motion in limine no. 14, the City Defendants moved to preclude Mr. Clark
5  from offering any opinion testimony that the City's training on the use of force was
6  inadequate at the time of the incident. City Defs.' Mots. in Limine at 13-14, Dkt. 127. The
7  City Defendants predicated their motion on Mr. Clark's deposition testimony, wherein he
8  acknowledged that he was unaware of any deficiencies of a constitutional magnitude in the
9  City's training program or written policies. Id.; Clark Depo. at 48:22-24, Dkt. 118-8. The
10 Court denied the motion, finding that the City Defendants had overlooked Mr. Clark's
11 opinion that the officers were not "trained adequately on POST standards, which require
12 *officer intervention* 'when excessive force occurs in their presence.'" Cotton, 2010 WL
13 5154945, at *16-*17 (emphasis added).
14     At the pretrial conference, the Court questioned the parties whether the basis for its
15 ruling on the instant motion in limine had been obviated by its subsequent decision to grant
16 summary judgment for Officers Tim Jones and Stephen Watson. In that ruling, the Court
17 found that these officers arrived at the scene after Officers Adam Laird, Gary Whitmer and
18 Justin Winkle's use of force on the Decedent had effectively ceased, and therefore, Officers
19 Jones and Watson lacked a reasonable opportunity to intervene. 8/31/11 Order at 29, Dkt.
20 208. Since these officers were the only individual City Defendants to whom the lack of
21 training on intervention would have been germane, the Court indicated that Mr. Clark's
22 anticipated opinion testimony regarding the efficacy of the City's training on intervention
23 was no longer relevant. Plaintiffs disagreed, and argued that the matter of failing to
24 intervene also applied to Officers Laird, Whitmer and Winkle. However, these three
25 officers were the individuals who were inflicting allegedly excessive force upon the
26 Decedent. Thus, the legal issue with respect to these officers is whether they acted
27 unreasonably in the use of force—not whether they failed to intervene. Therefore, the
28 Court reconsiders its ruling on motion in limine no. 14, and GRANTS the City Defendants'

motion in limine to preclude Mr. Clark from opining that the City's training program is inadequate as it relates to the use of force or the failure to intervene.

The question remains whether Mr. Clark may offer opinion testimony to support the Plaintiffs' claim that the City fails to properly train its officers on when to seek medical care for arrestees who have been subjected to the use of force. At the pretrial conference, Plaintiffs argued, as an alternative matter, that the City's training policy is inadequate because it allegedly instructs officers to seek medical attention for arrestees only where blood is visible. This issue was *not* raised in the City Defendants' motion in limine. At the same time, however, it does not appear that this particular opinion was disclosed in Mr. Clark's expert report. Undisclosed expert opinions generally are inadmissible at trial. See Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). Since the issue of whether Mr. Clark has been disclosed as an expert regarding the City's policies on seeking medical care for arrestees has not yet been briefed, the Court directs the parties to meet and confer on this issue and to submit memoranda in support of their respective positions.

## II.     CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.     The Court reconsiders its ruling on the County Defendants' motion in limine no. 1 and GRANTS IN PART and DENIES IN PART said motion, as follows:

    a.     Mr. Clark may not offer any testimony related to the use of a taser by any County correctional officer on the Decedent.

    b.     Mr. Clark is precluded from offering any opinions as to the subjective knowledge of the County Defendants. In addition, Mr. Clark may not offer legal conclusions or speculative factual conclusions based on their purported subjective knowledge, including, without limitation, that: the County Defendants' conduct was

1  "intentional, reckless and dangerous; their actions "reflected a callous disregard for
2  the life and safety of Mr. Cotton"; they disregarded the Decedent's serious medical
3  condition; or they "have no legitimate claim that they did not, or could not know of
4  Mr. Cotton's serious injuries when he was booked into the jail."

5       c.     Mr. Clark is not precluded from offering opinions that HCCF policies
6  and professional standards of practice required the County Defendants to medically
7  assess the Decedent and to provide him with immediate medical treatment under the
8  circumstances presented.

9       2.     The Court reconsiders its ruling on the City Defendants' motion in limine no.
10 14 and GRANTS said motion. Mr. Clark is precluded from offering opinions regarding the
11 inadequacy of the City's training program with respect to the use of force.

12      3.     The City Defendants and Plaintiffs shall **meet and confer** forthwith regarding
13 whether Mr. Clark timely disclosed any opinion regarding the adequacy of the City's
14 training program as it relates to seeking medical care for arrestees who have been subjected
15 to the use of force. **By no later than 5:00 p.m., September 9, 2011**, the City Defendants
16 and Plaintiffs shall either submit: (a) a stipulation regarding whether Mr. Clark may or may
17 not offer such an opinion at trial; or (b) if no stipulation is reached, separate memoranda,
18 not to exceed two (2) pages, on the issue of whether Mr. Clark's opinion was properly
19 disclosed and may be presented at trial.

20      IT IS SO ORDERED.
21 Dated: September 7, 2011

                                                  SAUNDRA BROWN ARMSTRONG
22                                                   United States District Judge