UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SIEHNA M. COTTON, a minor, by and Megan McClure, her guardian ad litem; and MARTIN COTTON, SR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF EUREKA, CALIFORNIA, a political subdivision of the State of California, COUNTY OF HUMBOLDT, CALIFORNIA, a political subdivision of the State of California, et al.,<br><br>Defendants. | Case No: C 08-04386 SBA<br><br>**ORDER RE FAILURE TO TRAIN CLAIM** |

The Court ordered supplemental briefing regarding whether Plaintiffs' expert Roger Clark timely disclosed any opinion regarding the adequacy of the City's training program as it relates to seeking medical care for arrestees who have been subjected to the use of force. 9/8/11 Order at 8, Dkt. 212. In their supplemental briefing, Plaintiffs contend that Mr. Clark made the requisite disclosure in his Expert Report, wherein he stated that, "Mr. Cotton was not medically cleared for booking *as required by POST and EPD … policy and procedure*." Clark Report ¶ 3 (emphasis added), Dkt. 118-1. Yet, at the pretrial conference held on September 6, 2011, Plaintiffs stated that their failure to train claim is based on *the City's lack of any training or policy* regarding obtaining medical care for arrestees who had been subjected to the application of force by City police officers. Nowhere in his report did Mr. Clark opine that the Decedent died as a result a *lack of any policy or training*. Nor is such an opinion disclosed in the deposition excerpts cited by Plaintiffs. See Clark Depo. at 13:22-14:6, 119:2-121:3, Dkt. 118-8. Because no such opinion was disclosed, Mr. Clark

1 will not be allowed to offer any opinion testimony in support of Plaintiff's failure to train
2 claim with respect to the lack of training or policies.

3 Nonetheless, the Court is persuaded that Plaintiffs may present their failure to train claim at trial without relying on Mr. Clark's expert testimony. According to the Plaintiffs, the Defendant officers have acknowledged that, at the time of the incident, they did not have any training on obtaining medical attention for a person who had been subjected to the use of force. "A plaintiff [ ] might succeed in proving a failure-to-train claim without showing a pattern of constitutional violations where 'a violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations.'" See Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006)) (quoting Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 409 (1997)). Based on this testimony, a trier of fact could conclude that the City's failure to train was the "moving force [behind] the constitutional violation." City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989).

IT IS SO ORDERED.

Dated: September 12, 2011

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge