UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SIEHNA M. COTTON, a minor, by and Megan McClure, her guardian ad litem; and MARTIN COTTON, SR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF EUREKA, CALIFORNIA, a political subdivision of the State of California, COUNTY OF HUMBOLDT, CALIFORNIA, a political subdivision of the State of California, et al.,<br><br>Defendants. | Case No: C 08-04386 SBA<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW** |

The parties are presently before the Court on the Defendants' motion for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(a).[1] Having fully considered the matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below.

I. **BACKGROUND**

The parties are familiar with the facts of this case, which are summarized herein briefly and only to the extent they are relevant to the instant motion. On or about August 9, 2007, City of Eureka police officers Adam Laird, Justin Winkle and Gary Whitmer, responded to a report of a disturbance at the Eureka Rescue Mission. Upon their arrival, the officers encountered Martin Cotton, II ("Decedent"), who allegedly was behaving

---

[1] The City Defendants are the City of Eureka and police officers Adam Laird, Justin Winkle and Gary Whitmer. The County of Humboldt and the County-related individual defendants settled with Plaintiffs prior to trial.

erratically.  The officers claim that the Decedent refused to comply with their instruction to place his hands behind his back, and thereafter, sprayed him in the face with pepper spray.  Over the course of this incident, the three officers then delivered multiple strikes to the Decedent's body with their fists, knees and batons while he was on the ground, and again sprayed him with pepper spray.  Despite the significant amount of force applied by the three officers against the Decedent, they failed to seek medical attention for him.  Instead, they arrested the Decedent and took him directly to the Humboldt County Correctional Facility ("HCCF") where they, along with HCCF correctional officers, placed the Decedent into a sobering cell.  The Decedent died in the sobering cell a few hours later of a subdural hematoma.

Plaintiffs Siehna Cotton, the minor daughter of the Decedent, and Martin Cotton Sr., the father of the Decedent, filed suit against the City of Eureka and police officers Laird, Winkle and Whitmer alleging claims under 42 U.S.C. § 1983 and pursuant to state law.  Plaintiffs' fifth cause of action in the First Amended Complaint alleges that Defendants violated their statutory obligation under California Government Code § 845.6 to summon medical care for the Decedent.

Trial in this action commenced on September 12, 2011.  On September 21, 2011, after the close of evidence, Defendants orally moved for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(a), with respect to Plaintiffs' state law claim for violation of § 845.6.  In particular, Defendants argue that § 845.6 only applies to a "prisoner," and that the Decedent was not a prisoner until he was booked at the HCCF.  The Court heard argument from the parties and took the matter under submission.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 50(a) states as follows:

> **(a) Judgment as a Matter of Law.**
> **(1) In General**
> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> **(2) Motion.**
>
> A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a). In deciding a motion under Rule 50(a), the Court reviews all of the evidence and draws all reasonable inferences in favor of the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The Court is not permitted to make credibility determinations or weigh the evidence. Id. The salient inquiry is whether the evidence "permits only one reasonable conclusion[.]" Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002).

### III. DISCUSSION

California Government Code § 845.6 states, in relevant part, that:

> [A] public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that *the prisoner* is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

Id. (emphasis added). To state a claim under § 845.6, the plaintiff must establish three elements: "(1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care." Jett v. Penner, 439 F.3d 1091, 1099 (9th Cir. 2006). "Liability under section 845.6 is limited to serious and obvious medical conditions requiring immediate care." Watson v. State, 21 Cal. App. 4th 836, 841 (1993).

Defendants contend that they cannot be held liable under § 845.6 because the Decedent was not a "prisoner" at the time he was in their custody. As support, Defendants rely upon California Government Code § 844, which provides that:

> As used in this chapter, "prisoner" *includes* an inmate of a prison, jail, or penal or correctional facility. For the purposes of this chapter, a lawfully arrested person who is brought into a law enforcement facility for the purpose of being booked, as

> described in Section 7 of the Penal Code, *becomes a prisoner, as a matter of law, upon his or her initial entry into a prison, jail, or penal or correctional facility*, pursuant to penal processes.

Id. (emphasis added). The term "includes" in § 844 is "a word of enlargement and not limitation." Patricia J. v. Rio Linda Union School Dist., 61 Cal. App. 3d 278, 286 (1976). Thus, a "prisoner" includes persons who have been "booked," "lawfully arrested," or placed in a facility "pursuant to a penal process." See Lawson v. Super. Ct., 180 Cal. App. 4th 1372, 1387 (2010).[2]

      Here, there is no dispute that the Defendant police officers had handcuffed and arrested the Decedent and that he was in their custody. This alone is sufficient to trigger Defendants' obligations under § 845.6. See id. (recognizing that "prisoner" is commonly interpreted to include "[a] person who has been apprehended by a law-enforcement officer and is in custody, regardless of whether the person has yet been put in prison.") (citation and internal quotations omitted). That notwithstanding, there can be no legitimate dispute that the Decedent became a prisoner when the officers brought him to the HCCF—the county jail—for booking. Cal. Gov. Code § 844. Though Defendants suggest that the Decedent must have been booked before becoming a prisoner for purposes of § 844, they concede that they have no authority to support that assertion. Indeed, the evidence presented in this case shows that the Decedent was not formally booked until after he had been placed in the sobering cell. Thus, to suggest that the Decedent did not become a "prisoner" until he was formally booked belies the abundant evidence to the contrary, and, at a minimum, elevates form over substance.

---

[2] The conclusion that § 844 includes custody outside of a jail or correctional facility is further supported by legislative comment to § 844, which recognizes that "[a] person in the custody of a law enforcement officer but undergoing medical treatment in a county hospital would be considered a prisoner as defined in this section."

IV. **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendants' Rule 50(a) motion for judgment as a matter of law as to Plaintiff's fifth claim for violation of California Government Code § 845.6 is DENIED.

IT IS SO ORDERED.

Dated: September 22, 2011

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge