UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

**FILED**

SEP 2 3 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

|  |  |
|---|---|
| SIEHNA M. COTTON, a minor, by Megan McClure, her guardian ad litem, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF EUREKA, CALIFORNIA, a political subdivision of the State of California, et al.,<br><br>Defendants. | Case No:  C 08-4386 SBA |

**JURY INSTRUCTIONS**

Dated: September 22, 2011

_Saundra Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Two copies of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may have said or done as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## MULTIPLE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which are received into evidence; and

3.    any facts to which the lawyers have agreed.

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## CHARTS AND SUMMARIES NOT RECEIVED INTO EVIDENCE

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

The plaintiffs bring their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

## STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved.

The facts stipulated to by the parties are as follows:

1.      Defendants Adam Laird, Justin Winkle and Gary Whitmer were acting in the course and scope of their employment with the City of Eureka at the time of the incident; and

2.      Defendants Adam Laird, Justin Winkle and Gary Whitmer were acting under color of law.

## SECTION 1983 CLAIM AGAINST DEFENDANTS IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

In order to prevail on his or her § 1983 claim against defendants Adam Laird, Justin Winkle and Gary Whitmer, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.     The defendant acted under color of law; and

2.     The act(s) of the defendant deprived decedent or the plaintiffs of their particular rights under the laws of the United States or the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendants acted under color of law.

If you find the plaintiffs have proved each of these elements, and if you find that the plaintiffs have proved all of the additional elements that they are required to prove under the instructions entitled,

- Excessive Force,
- Deliberate Indifference to Serious Medical Needs,
- Failure to Train, and
- Interference with Familial Relations,

your verdict should be for the plaintiff or plaintiffs as to that claim. If, on the other hand, the plaintiff or plaintiffs have failed to prove any one or more of these elements as to a particular claim, your verdict should be for the defendants as to that claim.

## EXCESSIVE FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful detention or arrest. Thus, in order to prove an unreasonable seizure in this case, the plaintiff Siehna Cotton must prove by a preponderance of the evidence that defendant officers Adam Laird, Justin Winkle and Gary Whitmer used excessive force against the decedent Martin Cotton, II, when attempting to detain or arrest him.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether an officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1.      The severity of the crime or other circumstances to which the officer was responding;

2.      Whether the decedent posed an immediate threat to the safety of the officer or to others;

3.      Whether the decedent was actively resisting detention or arrest;

4.      The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5.      The type and amount of force used;

6.      The availability of alternative methods to take the decedent into custody or to subdue the decedent.

## DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

As previously explained, plaintiff Siehna Cotton has the burden to prove that the act[s] or failure to act of the defendant police officers, Adam Laird, Justin Winkle or Gary Whitmer deprived the decedent Martin Cotton, II, of particular rights under the United States Constitution. In this case, the plaintiff Siehna Cotton alleges defendant police officers Adam Laird, Justin Winkle and Gary Whitmer deprived the decedent of his rights under the Fourteenth Amendment to the Constitution when they did not secure medical care for him.

In order to prove the defendant police officers Adam Laird, Justin Winkle and Gary Whitmer deprived the decedent of his Fourteenth Amendment rights to obtain needed medical care, plaintiff Siehna Cotton must prove the following elements by a preponderance of the evidence:

1.      Decedent had a serious medical need;

2.      Defendant police officers Adam Laird, Justin Winkle and Gary Whitmer were deliberately indifferent to that serious medical need, that is, the defendant police officers Adam Laird, Justin Winkle and Gary Whitmer knew of it and disregarded it by failing to take reasonable measures to address it; and

3.      The act[s] or failure to act of defendant police officers Adam Laird, Justin Winkle and Gary Whitmer caused harm to decedent.

# FAILURE TO TRAIN

In order to prevail on her Section 1983 claim against defendant City of Eureka alleging liability based on a failing to train its police officers as to obtaining medical care, plaintiff Siehna Cotton must prove each of the following elements by a preponderance of the evidence:

1.    The act(s) of defendant City of Eureka police officers Adam Laird, Justin Winkle and Gary Whitmer deprived decedent of his particular rights under the laws of the United States or the United States Constitution as explained in later instructions;

2.    City of Eureka police officers Adam Laird, Justin Winkle and Gary Whitmer acted under color of law;

3.    The training of the defendant City of Eureka was not adequate to train its police officers to handle the usual and recurring situations with which they must deal;

4.    The defendant City of Eureka was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately; and

5.    The failure of defendant City of Eureka to provide adequate training caused the deprivation of decedent's rights by City of Eureka police officers Adam Laird, Justin Winkle and Gary Whitmer; that is, the defendant City of Eureka's failure to train is so closely related to deprivation of the decedents' rights as to be the moving force that caused the ultimate injury.

The person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendant police officers acted under color of law.

"Deliberate indifference" is the conscious choice to disregard the consequences of ones acts or omissions. Plaintiff Siehna Cotton may prove deliberate indifference in this case by showing that the defendant City of Eureka knew that its failure to train

adequately made it highly predictable that its police officers would engage in conduct that would deprive persons such as decedent of his rights.

If you find that the plaintiff Siehna Cotton has proved each of these elements and if you find that she has proved all of the elements she is required to prove under the instruction entitled Deliberate Indifference to Serious Medical Needs, your verdict should be for the plaintiff Siehna Cotton. If, on the other hand, the plaintiff Siehna Cotton has failed to prove any one or more of these elements, your verdict should be for defendant City of Eureka.

17

## CAUSATION—FAILURE TO TRAIN CLAIM ONLY

In order to establish that the failure to act by defendant City of Eureka deprived the decedent Martin Cotton, II, of his particular rights under the United States Constitution as explained in the prior instruction, the plaintiff Siehna Cotton must prove by a preponderance of the evidence that the failure to act was so closely related to deprivation of decedent's rights as to be the moving force that caused the ultimate injury.

## INTERFERENCE WITH FAMILIAL RELATIONSHIP

Plaintiff Martin Cotton Sr. asserts a violation of his Fourteenth Amendment liberty interests in the companionship of the decedent Martin Cotton, II, plaintiff Martin Cotton Sr.'s son. This claim is based on the Due Process Clause of the Fourteenth Amendment, which provides in relevant part: "No state shall . . . deprive any person of . . . liberty . . . without due process of law."

In order to prevail on this claim, Plaintiff Martin Cotton Sr. must prove by a preponderance of the evidence that:

1.      A defendant acted in a manner which "shocks the conscience," and

2.      The action of that defendant was the cause of decedent's death.

The standard you should apply in determining whether a Defendant's actions "shock the conscience" depends on whether you find that the defendant had the opportunity to deliberate before the actions, as follows:

1.      If you find that the defendant had the opportunity to deliberate before the action, then the action "shocks the conscience" if undertaken with deliberate indifference to the decedent's safety.

2.      If you find that the defendant did not have the opportunity to deliberate before the action, then the action "shocks the conscience" if undertaken with a purpose to harm the decedent that was unrelated to legitimate law enforcement objectives.

## BATTERY BY POLICE OFFICER

Plaintiff Siehna Cotton claims that defendants Adam Laird, Justin Winkle and Gary Whitmer harmed decedent Martin Cotton, II, by using unreasonable force to detain him or overcome his resistance. To establish this claim, Plaintiff Siehna Cotton must prove all of the following:

1.     That defendants Adam Laird, Justin Winkle and Gary Whitmer used unreasonable force to detain him or to overcome the resistance of decedent Martin Cotton, II;

2.     That decedent Martin Cotton, II, did not consent to the use of that force;

3.     That decedent Martin Cotton, II, was harmed; and

4.     That defendants Adam Laird, Justin Winkle and Gary Whitmer's use of unreasonable force was a substantial factor in causing decedent Martin Cotton, II, harm.

A police officer may use reasonable force to detain a person when he or she has reasonable cause to believe that that person has committed a crime. Even if the police officer is mistaken, a person being detained has a duty not to use force to resist a police officer unless the officer is using unreasonable force.

In deciding whether defendants Adam Laird, Justin Winkle and Gary Whitmer used unreasonable force, you must determine the amount of force that would have appeared reasonable to a police officer in the officer's position under the same or similar circumstances. You should consider, among other factors, the following:

(a)     The seriousness of the crime at issue;

(b)     Whether decedent Martin Cotton, II, reasonably appeared to pose an immediate threat to the safety of the officers or others; and

(c)     Whether decedent Martin Cotton, II, was actively resisting detention or attempting to evade detention.

A police officer who makes or attempts a detention or an arrest of a person is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being detained or arrested.

## DENIAL OF MEDICAL CARE—CAL. GOV. CODE § 845.6

Plaintiff Siehna Cotton claims that decedent Martin Cotton, II, was harmed because defendants Adam Laird, Justin Winkle and Gary Whitmer violated California Government Code Section 845.6.

To establish this claim, plaintiff Siehna Cotton must prove the following:

1.     That defendants knew or had reason to know that the decedent had a serious and obvious medical condition requiring immediate medical care;

2.     Defendants failed to take reasonable action to summon such medical care;

3.     That the decedent was harmed; and

4.     That the defendants' failure to perform such duty was a substantial factor in causing decedent's harm.

## CAUSATION—GENERAL

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

## PROOF AND TYPES OF DAMAGES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs on any of plaintiffs' claims, you must determine the plaintiffs' damages. The plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendants.

Plaintiff Siehna Cotton can recover damages for any injury sustained by the decedent Martin Cotton, II, before his death. In evaluating these damages, you can consider:

1.      The nature and extent of the injuries;

2.      The loss of enjoyment of life experienced by the decedent; and

3.      The mental, physical, and emotional pain and suffering experienced.

Plaintiffs Siehna Cotton and/or Martin Cotton Sr. can recover damages sustained as a result of the death of decedent Martin Cotton, II. You should consider the following as the plaintiffs' damages:

1.      The mental and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

2.      The loss of Martin F. Cotton, II's, love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

It is for you to determine what damages, if any, have been proved. No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

24

## NOMINAL DAMAGES

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiffs but you find that the plaintiffs have failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

## PUNITIVE DAMAGES

If you find for the plaintiffs, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiffs have the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff or the decedent was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff or the decedent. Conduct is in reckless disregard of the plaintiff or the decedent's rights if, under the circumstances, it reflects complete indifference to the plaintiff or decedent's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff or the decedent's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff or the decedent with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the decedent.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct. In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff or the decedent.

Punitive damages may not be awarded against the City of Eureka. You may impose punitive damages against one or more of the defendants and not others, and may

26

award different amounts against different defendants.  Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## RETURN OF VERDICT

A verdict form has been prepared for you. Please follow the instructions provided on the verdict form. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.