1  Nancy K. Delaney, SBN 70617
   Nicholas R. Kloeppel, SBN 186165
2  MITCHELL, BRISSO, DELANEY & VRIEZE
   Attorneys at Law
3  814 Seventh Street
   P. O. Drawer 1008
4  Eureka, CA  95502
   Tel:  (707) 443-5643
5  Fax: (707) 444-9586

6  George E. Murphy, SBN 91806
   Suzanne M. Nicholson, SBN 208163
7  MURPHY, CAMPBELL, GUTHRIE & ALLISTON
   8801 Folsom Blvd., Suite 230
8  Sacramento, CA  95826
   Tel: (916) 400-2300
9  Fax: (916) 400-2311

10 Attorneys for Defendants
   CITY OF EUREKA, JUSTIN WINKLE,
11 ADAM LAIRD and GARY WHITMER

12                UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14

15 SIEHNA M. COTTON, a minor, by           CASE NO.:  C 08-04386 SBA
   Megan McClure, her guardian ad litem;
16 and MARTIN COTTON, SR., an              **OPPOSITION TO PLAINTIFFS'**
   individual,                             **MOTION FOR ATTORNEY FEES**
17
                  Plaintiffs,              Date:  February 14, 2012
18                                         Time:  1:00 p.m.
   vs.                                     Crtrm: 1
19 CITY OF EUREKA, CALIFORNIA, et al.,

20              Defendants.

21

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................1

II. LEGAL DISCUSSION .........................................................................................1

    A. Legal Authorities Governing The Recovery Of Attorneys Fees. ...............1

    B. The Time Expended By Plaintiffs' Counsel Solely For The Purpose Of Developing Their Case Against The County Defendants Is Not Recoverable As A Matter Of Law. ...............................................................2

    C. Plaintiffs Motion For Attorneys Fees Should Be Denied To the Extent Plaintiffs Are Seeking To Recover Fees For Travel Time, As Plaintiffs Have Not Provided Sufficient Evidence That It Was Customary To Bill For Travel Time In The District .................................................................5

    D. The Rate Of Attorney Fees For Vicki I. Sarmiento, Dale K. Galipo, Melanie Partow and John Fattahi Are Unreasonable As A Matter Of Law And Any Fee Award Should Be Reduced Accordingly ...................5

        1. Plaintiffs' Have Not Met Their Burden Of Producing Comparable Rates Because The Rates They Have Provided Are For Unique Skills Not Used In This Litigation .........................7

        2. The Sample Size Of Attorneys Used For Comparative Rates Should Include The Whole District Rather Than The Most Affluent Sector .......................................................................................9

        3. The Rates Offered By Plaintiffs Are Unreasonable Because They Did Not Document Comparative Fees For Similar Sized Firms As Their Own. .................................................................9

III. CONCLUSION ...................................................................................................10

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

i

OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES

# TABLE OF AUTHORITIES

**Federal Cases**

*Andrade v. Jamestown Housing Authority*, 82 F.3d 1179 (1st Cir. 1996)..................5

*Blackwell v. Foley*, 724 F.Supp.2d 1068 (N.D. Cal. 2010) ..........................8, 11

*Blum v. Stenson*, 465 U.S. 886 (1984) ........................................1, 2, *passim*

*Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001) ..................................3

*Camarillo v. City of Maywood*, 2011 WL 3665028 (C.D.Cal.)..........................5

*Create-A-Card, Inc. v. Intuit, Inc.*, 2009 WL 3073920, at 2 (N.D.Cal.2009) ..................8

*Davis v. City and County of San Francisco*, 976 F.2d 1536 (9th Cir. 1992)..................5

*Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir. 1992)..............................2, 5

*Harris v. Marhoefer*, 24 F.3d 16 (9th Cir. 1994)..................................2

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ....................................1, 2, *passim*

*Ingram v. City of San Bernardino*, 2007 WL 5030255..........................8, 11

*Jacobs v. California State Auto. Ass'n Inter-Ins. Bureau*, 2009 WL 3562871, 4 (N.D.Cal., 2009)..................................8

*Jones v. Espy*, 10 F.3d 690 (9th Cir. 1993)..................................3

*L.H. v. Schwarzenegger*, 645 F.Supp.2d 888 (E.D.Cal. 2009) ..................5

*Lopez v. San Francisco Unified School Dist.*, 385 F.Supp.2d 981 (N.D.Cal., 2005)..........8

*Southeast Legal Defense Group v. Adams*, 657 F.2d 1118 (9th Cir. 1981)..................3

*Woods v. Graphic Communications*, 925 F.2d 1195 (9th Cir. 1991) ..................3

**Federal Statutes**

42 U.S.C. § 1988..................................................................1, 2

**Other Authorities**

The Legislative History of Section 1988, S. Rep. No. 94-1011, 6, 94th Cong. 2d Session, reprinted in 1976 U.S. Code Cong. & Ad. News 5908........................1, 2, *passim*

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

## I. INTRODUCTION

By way of their request for attorney fees, plaintiffs seek payment from defendants for substantial time expended by plaintiffs' counsel in developing their case against a separate set of defendants (i.e. the County and its correctional officers) with whom plaintiffs settled before trial. Plaintiffs also seek an award of fees at a rate far beyond what a private client would accept as reasonable. Plaintiffs' attempt to recover fees from the City of Eureka, Adam Laird, Justin Winkle and Gary Whitmer (hereinafter the "moving defendants") for work done in developing their case against other defendants and to then compound the error by using excessive rates would result in the very type of windfall that the Supreme Court has proscribed.

Based on the foregoing and as discussed more particularly below, the amount of fees claimed by plaintiffs should be substantially reduced.

## II. LEGAL DISCUSSION

### A. Legal Authorities Governing The Recovery Of Attorneys Fees.

The District Court has the discretion to award attorney fees in a 42 U.S.C. §1983 case to the prevailing under 42 U.S.C. 1988. ("[T]he court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee.") In determining a reasonable fee award, the district court "must strike a balance between granting sufficient fees to attract qualified counsel to civil rights cases, and avoiding a windfall to counsel." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Blum v. Stenson*, 465 U.S. 886, 897 (1984). ("The legislative history explains that 'a reasonable attorney's fee' is one that is 'adequate to attract competent counsel, but ... [that does] not produce windfalls to attorneys.'") quoting The Legislative History of Section 1988, S. Rep. No. 94-1011, 6, 94th Cong. 2d Session, reprinted in 1976 U.S. Code Cong. & Ad. News 5908.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES

"The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours *reasonably* expended on the litigation times a *reasonable* hourly rate." *Blum*, 465 U.S. at 888 (Emphasis added.); *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994) ("Fee awards pursuant to section 1988 must be reasonable, both as to the number of hours spent in advancing the successful claim(s) and the billing rate per hour.")

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. 433.

A reasonable hourly rate is one that is roughly the "prevailing market rate in the relevant community . . . for *similar services* by lawyers of reasonably comparable skills, experience and reputation" (Emphasis added.) *Blum v. Stenson,* 465 U.S. 886, 898–99 (1984). The Ninth Circuit has pointed out that the relative legal community is that in which the forum district is located. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).

### B. The Time Expended By Plaintiffs' Counsel Solely For The Purpose Of Developing Their Case Against The County Defendants Is Not Recoverable As A Matter Of Law.

Plaintiffs are not entitled to recover attorneys fees from the moving defendants solely incurred in developing their case against the County defendants.

As part of the trial court's obligation to "strike a balance between granting sufficient fees to attract qualified counsel to civil rights cases, and avoiding a windfall to counsel," the court must examine the plaintiffs' declared hours and strike those that are unreasonable or unnecessary. Attorney fees awarded pursuant to 42 U.S.C. §1988 should

MITCHELL, BRISSO, DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

exclude hours that are not "reasonably expended", such as those that are "excessive, redundant, or otherwise unnecessary." Legislative History of Section 1988, S. Rep. No. 94-1011, 94th Cong. 2d Session, reprinted in 1976 U.S. Code Cong. & Ad. News 5908; *Hensley v. Eckerhart*, 461 U.S. at 434.

Unrelated time against dismissed defendants generally is not chargeable against the remaining defendants. See e.g., *Hensley v. Eckerhart, supra*, 461 U.S. 424. Similarly, the Ninth Circuit authorizes apportionment of fees between defendants where the plaintiff prevails against multiple defendants. See, *Jones v. Espy*, 10 F.3d 690, 691, 92 (9th Cir. 1993) ("[a]pportionment is mandated . . . in order to ensure that a defendant is not liable for a fee award greater than the actual fees incurred against that defendant."); *Woods v. Graphic Communications*, 925 F.2d 1195, 1207 (9th Cir. 1991) (apportionment appropriate between employer and union based on time spent as to each defendant); and *Southeast Legal Defense Group v. Adams*, 657 F.2d 1118, 1125-26 (9th Cir. 1981) (apportionment of fees between two defendants appropriate even where one defendant was immune.).

The hours expended by plaintiffs' counsel identified in Defendants' **Attachment A** are not reasonable because they relate solely to developing plaintiffs' claims against the County defendants, with whom the plaintiffs settled before trial. Although the Supreme Court has expressly stated that plaintiffs who reach a settlement agreement with defendants can still be considered "prevailing" in regards to a section 1988 request for attorney fees against the settling defendant *(see e.g., Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001)), plaintiffs have provided no authority which would authorize recovery of such fees against defendants who did not settle, but who later did not prevail at trial.

Plaintiffs' claims against the County defendants were distinct and separable. Plaintiffs' excessive force claims against the City defendants arose out of conduct that

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

3

OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES

occurred prior to bringing the decedent to the County correctional facility. Similarly, the claims that the City defendants did not appropriately respond to decedent's medical needs involved the decision to transport decedent to the jail rather than the hospital under the circumstances. By contrast, the claims against the County defendants were limited to their interactions with decedent at the correctional facility upon the transfer of custody of decedent by officers Laird and Winkle to the County correctional officers. Further illustrating the distinction between plaintiffs' claims against the City and County defendants is the fact that plaintiffs called no witnesses from the County correctional facility in the case against the City defendants.

The Supreme Court discussed the issue in *Hensley* in regards to plaintiffs that were successful against a state hospital on five of six claims. *Hensley*, 461 U.S. at 453. ("[I]t is rarely an abuse of discretion to refuse to award fees for work done on non-prevailing claims that are not closely related to the relief obtained.") In *Hensley*, the Court found no abuse of discretion for the District Court's award of all fees related to all six claims (except for 300 hours of "wasteful litigation practices"). *Id.* at 454. The circumstances here are distinguishable from *Hensley*. The hours expended to prosecute the claims against the City and County defendants are not "difficult to divide [ ]on a claim-by-claim basis... [which] cannot be viewed as a series of discrete claims." *Id.* at 435. The opposite is, in fact, true. The claims against the City arose before the decedent was placed in the custody of the Humboldt County Correctional Facility. No claim or allegation against the City defendants involved conduct occurring after the point in time where the officers Laird and Winkle observed Mr. Cotton in the sobering cell, and reported to the correctional officers the force used during the encounter.

Based on the foregoing, the award of attorneys' fees should not include fees claimed for time expended exclusively to develop plaintiffs' case against the County defendants, as set forth in ***Attachment A***.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

4

OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES

**C. Plaintiffs Motion For Attorneys Fees Should Be Denied To The Extent Plaintiffs Are Seeking To Recover Fees For Travel Time, As Plaintiffs Have Not Provided Sufficient Evidence That It Was Customary To Bill For Travel Time In The District.**

Plaintiffs cannot recover for travel time without submitting evidence that it is a local customary practice to bill clients for travel time. *Camarillo v. City of Maywood*, 2011 WL 3665028 (C.D.Cal.); *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992) *vacated in part on den. of reh'g*, 984 F.2d 345 (1993). The plaintiffs have failed to provide any such evidence. Accordingly, plaintiffs' fees should be reduced accordingly in the amounts requested in **Attachment B**.

**D. The Rate Of Attorney Fees For Vicki I. Sarmiento, Dale K. Galipo, Melanie Partow and John Fattahi Are Unreasonable As A Matter Of Law And Any Fee Award Should Be Reduced Accordingly.**

In determining a reasonable hourly rate, the Supreme Court has recommended that courts use, "the prevailing market rates in the relevant community" as the starting point. *Blum, supra,* 465 U.S. at 898–99. The Court defined "prevailing market rate" as those prevailing in the community for *similar services* by lawyers of reasonably comparable skills, experience and reputation." (Emphasis added.) *Id.* The Ninth Circuit has pointed out that the relative legal community is that in which the forum district is located. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).

The fee applicant has the burden of producing satisfactory evidence justifying the hourly rate claimed. *Hensley*, 461 U.S. at 433. However, the court is entitled to rely upon its own knowledge of attorney fees in its surrounding area. *Andrade v. Jamestown Housing Authority*, 82 F.3d 1179, 1190 (1st Cir. 1996). Instead of providing their own historical billing practices, or those of civil rights attorneys in the Northern District, the plaintiffs argue that the rates in *L.H. v. Schwarzenegger*, 645 F.Supp.2d 888 (E.D.Cal. 2009), should apply. Plaintiffs' suggestion should not be adopted for multiple reasons.

First, a broader range of practitioners were available to handle a case such as this, as opposed to the novel complexity of the circumstances presented in *L.H. v. Schwarzenegger*. Here, plaintiffs took to trial what amounts to relatively "straight forward" excessive force/deliberate indifference to medical needs civil rights action against three officers and the City of Eureka. *L.H. v. Schwarzenegger*, by comparison was a class asction civil rights case challenging the parole revocation process for juvenile parolees. There are a relatively large number of attorneys/firms equipped to prosecute civil rights cases involving claims of excessive force and deliberate indifference to medical need. There are substantially fewer attorneys/firms that have the capabilities of, let alone legal ability to prosecute class action suits, especially a class action suit involving juvenile law. Accordingly, a sample including firms and attorneys that have related experience in civil rights litigation in police misconduct cases, rather than class action and juvenile law, should be used to more accurately reflect the rates in the appropriate field of law.

Second, the sample size should include firms and attorneys within the whole district rather than the most affluent region of the district, i.e. the San Francisco bay area. It cannot be ignored that this case arises in Humboldt County, a rural and substantially less affluent region of the Northern District. Furthermore, given the relative lack of complexity of the case plaintiffs took to trial, a broader range of attorneys than used in the plaintiffs' example from *L.H.*, would necessarily include attorneys much closer to the events in question in Eureka, Humboldt County, California.

Third, the plaintiffs' documentation of comparable rates is inadequate because the data is primarily from larger firms with corporate clients rather than sole practitioners or boutique firms similar to Ms. Sarmiento's and Mr. Galipo's respective firms. See, Pl.'s Motion, page 10-11; Decl. of Vicki I Sarmiento, Exh. 2; Decl. of John Burton. *Blum v. Stenson*, 465 U.S. at 898–99.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

6

OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES

1. <u>Plaintiffs' Have Not Met Their Burden Of Producing Comparable Rates Because The Rates They Have Provided Are For Unique Skills Not Used In This Litigation.</u>

"[A] reasonable rate should reflect not only the market rates, but the skill and experience of the prevailing party's counsel." *Blum*, 465 U.S. at 898–99. In cases where the evidence provided by the prevailing party is inadequate, "the district court may reduce the award accordingly." *Hensley*, at 433.

As evidence supporting their proposed hourly, plaintiffs' counsel rely on the facts and rates in an unrelated case from the Eastern District, *L.H. v. Schwarzenegger*, 645 F.Supp.2d 888 (E.D.Cal.2009) (Pl.'s Motion, page 10-11). The rates lifted from the opinion in *L.H.* are inappropriate, unreasonable and distinguishable because they regarded a specific expertise which was unique to the facts in *L.H.*, and are much more comparatively unique to the legal community, than the skills and expertise brought to this matter.

In *L.H.*, the attorney awarded "expert" level rates ($640) was "recognized as a 'genuine expert in the area of complex, institutional prison reform litigation' so as to merit exceptional fees." *Id.* at 895. The Court pointed out that the particular case required an expertise in class action litigation, civil rights litigation and youth law. *Id. at 894*. Comparatively, the expertise required in this matter brought by Ms. Sarmiento and Mr. Galipo is solely civil rights litigation.

Furthermore, Exhibit 3 to the Declaration of Vicki I. Sarmiento includes a printout of billing rates in the San Francisco area that are limited to the field of complex commercial litigation. In fact, the list contains five firms which are international firms (Davis, Polk & Wardwell; O'Melveny & Myers; Weil, Gotshal & Manges LLP; Gibson, Dunn & Crutcher LLP; White & Case), one which has no location in the bay area (Hennigan, Bennett & Dorman LLP), and another which is the largest corporate restructuring firm in the United States (Pachulski, Stang, Ziehl, Young, Jones &

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

7

OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES

Weintraub). Decl. of Vicki I. Sarmiento Exh. 3. Therefore it is inappropriate to use the range of fees offered by plaintiffs, as they do not represent "similar services." *Blum*, 465 U.S. at 898–99.

This was not a complex case. It involved two plaintiffs with similar claims. The claims against the City defendants at trial were very closely related and did not require any distinct complex legal or factual analysis. To compare this case to a case such as *L.H.*, is disingenuous.

In *Ingram v. City of San Bernardino* 2007 WL 5030255 – an excessive force case successfully prosecuted by Mr. Galipo – the court determined that "a reasonable hourly rate charged by Plaintiff's counsel is $500 per hour." Id. at *9. This is in line with hourly rates assessed in other Northern District cases involving civil rights. See, e.g., *Blackwell v. Foley*, 724 F.Supp.2d 1068, 1082 (N.D.Cal. 2010) (finding $485 to be a reasonable hourly rate for attorney with 41 years experience in "the field of complex disabled access litigation"); *Lopez v. San Francisco Unified School Dist.*, 385 F.Supp.2d 981, 989 (N.D.Cal.,2005) (finding that "$495 is the market rate for an attorney with 30 years experience in civil rights litigation")

The rate requested by Mr. Galipo of $700 an hour is extraordinary. In fact, as of 2009, the Northern District had only recognized rates of $700 or more in one case: *Jacobs v. California State Auto. Ass'n Inter-Ins. Bureau*, 2009 WL 3562871, 4 (N.D.Cal., 2009). ("[T]he court identified only a single case where a judge awarded an attorney even a rate of $700 per hour.") See *Create-A-Card, Inc. v. Intuit, Inc.*, 2009 WL 3073920, at 2 (N.D.Cal.2009). The *Jacobs* court went on to explain, "some of the rates requested for other attorneys in this action – $475 for two attorneys with eight years experience, $430 for two attorneys with six years of experience, $355 for an attorney with four years experience – are, in this court's experience, extremely high for the San Francisco Bay Area." *Jacobs*, 2009 WL 3562871 at 4. Both the *Jacob* and the *Create-A-Card* cases

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

8

OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES

were also class action lawsuits. All of the firms in those case specialized in either complex commercial litigation or class action litigation. Mr. Galipo specializes in "major personal injury, wrongful death and criminal defense." Decl. of Dale K. Galipo, page 2, lines 13-14. Ms. Sarmiento is a "solo practitioner, handling civil matters, including major personal injury and civil rights police misconduct cases." Decl. of Vicki I Sarmiento, page 4, lines 26-27.

The evidence submitted by the plaintiffs' attorneys in their declarations is inadequate to establish a reliable billing rate for their particular fields and experience, and are unreasonable for this matter. Plaintiffs have failed to meet their burden of showing sufficient evidence of the prevailing market rate for attorneys providing similar services with reasonably comparable skills. *Blum*, 465 U.S. at 898–99.

2. The Sample Size Of Attorneys Used For Comparative Rates Should Include The Whole District Rather Than The Most Affluent Sector.

The rates offered by plaintiffs should also be reduced because they only reflect the rates of the most expensive lawyers in the most affluent portion of the Northern District. Plaintiffs have not shown through declaration or otherwise that this case would not have been taken and ably tried by attorneys who are based within the district, but outside San Francisco.

A key component of the court's reasoning in *L.H.* for accepting the high ranges of fees, which plaintiffs offer in this case, was the significant documentation from attorneys in Sacramento that they would have been unwilling to take on a case of that magnitude. *L.H.*, 645 at 894. ("Plaintiffs have tendered evidence that there were no Sacramento firms experienced and capable enough and willing to undertake such a suit.")

Plaintiffs have presented no evidence of the sort in support of their motion for fees, but ask the Court to presume that they should be awarded fees equivalent to some of the largest commercial litigation firms in Northern California.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

9

OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES

### 3. The Rates Offered By Plaintiffs Are Unreasonable Because They Did Not Document Comparative Fees For Similar Sized Firms As Their Own.

If plaintiffs want to rely on the fees of large commercial firms, then they should have included evidence, as in *L.H.*, that other firms in the area of the same size would have been unwilling to take on a case like this. The burden is on the moving party, and plaintiffs have failed to provide adequate and appropriate documentation to meet that burden. *Hensley*, 461 U.S. at 433.

Large firms have significant overhead costs. This in part justifies higher fees to their clients as opposed to small boutique firms and especially solo practitioners. Typically these large firms represent large corporate interests rather than individuals. The law practices of Ms. Sarmiento and Mr. Galipo do not fall into this category. Therefore it is misleading that the only data provided on billing rates in the plaintiffs' declarations are billing rates from large commercial litigation firms as evidence of their own billing rates.

This is a significant oversight that, if not adjusted for, will lead to the very dangers warned about in *Hensley* – a windfall to attorneys. *Hensley*, 461 U.S. at 433. Accordingly, plaintiffs have not met the burden of submitting adequate documentation in regards to comparable billing rates.

## III. CONCLUSION

Although plaintiffs prevailed at trial, the number of hours they now seek to recover in attorneys' fees and the billing rates of those attorneys are unjustifiable. They seek hours dedicated to different and distinct defendants. They seek rates beyond custom and their expertise.

Accordingly, the Court should apply the reductions listed in Defendants' Attachments A and B, totaling 136.8 hours for Vicki I. Sarmiento, and 106 hours for Dale K. Galipo. These reductions reflect the reasonable amount of hours actually invested in this case against the City defendants.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

10

OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES

Finally, the court should reduce the hourly rates requested by plaintiffs' attorneys. They are beyond the norm and do not reflect rates for similar services in the Northern District. Defendants respectfully request that, based on *Ingram v. City of San Bernardino*, 2007 WL 5030255 and *Blackwell v. Foley*, 724 F.Supp.2d at 1082, the Court reduce Mr. Galipo's hourly rate to $500, Ms. Sarmiento's hourly rate to $410, and that the hourly rates of Ms. Partow and Mr. Fattahi to $270.[1]

DATED: October 21, 2011                MITCHELL, BRISSO, DELANEY & VRIEZE

By: /s/ Nicholas R. Kloeppel
Nancy K. Delaney
Nicholas R. Kloeppel
Attorneys for CITY OF EUREKA, JUSTIN WINKLE, ADAM LAIRD and GARY WHITMER

---

[1] The rates of Sarmiento, Partow, and Fattahi are based on the same ratios proposed by plaintiffs' counsel.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

11

OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES

# Attachment A

Attorney Hours Dedicated Solely to Work in Case Against County

**Decl. of Vicki Sarmiento**

| Date | Notes | Time |
|---|---|---|
| | | |
| 6/19/09 | Prepared RFP to County Defendants | 1.5 |
| 8/18/09 | Reviewed Co Defendants Initial Disclosures | 0.4 |
| 9/5/09 | Reviewed Co. Responses to RFP [consisting of extensive witness interviews, CD's, surveillance jail video and death investigation file] | 6.5 |
| 9/28/09 | Reviewed Notice of Taking Depositions of Morgan, Griffin, Cangas and Christensen | 0.3 |
| 10/08/09 | Reviewed amended depo notices of Morgan, Griffin, Christensen, Cangas | 0.2 |
| 10/12/09 | Prepared for Morgan and Cangas depos | 4.0 |
| 10/12/09 | Traveled to Eureka for Depos | 6.0 |
| 10/13/09 | Appeared ad deposed Morgan and Cangas | 7.0 |
| 10/13/09 | Prepare for Griffin depo | 3.0 |
| 10/14/09 | Review HCCF policies re sobering cell, medical pre-screening. | 2.0 |
| 10/14/09 | Appeared and deposed Griffin | 5.0 |
| 10/14/09 | Travel back to LA from Depos | 6.0 |
| 11/20/09 | Reviewed Ntc of Taking Deposition of Lovie, Christian, Strong, Christensen, Hauger | 0.3 |
| 12/7/09 | Preparation for taking depos of Lovie, Rossiter, Christian, Strong, Christiansen and Hauger | 6.0 |
| 12/09/09 | Traveled to Eureka to take depos of Lovie, rossiter, Christian, Strong, Christiansen and Hauger | 6.0 |
| 12/09/09 | Appeared and deposed Strong and Christiansen | 6.0 |
| 12/10/09 | Appeared and deposed Lovie; appeared at Rossiter and Christian's depositions | 6.0 |
| 12/10/09 | Traveled back to Los Angeles | 6.0 |
| 4/19/10 | Reviewed Notice of Taking Deposition of Duane Christian (#2) | .1 |
| 5/5/10 | Appeared and deposed Christian depo (2nd Session) | 1.5 |
| 5/13/10 | Reviewed Co. defendants Expert Designation | 2.0 |
| 5/14/10 | Reviewed Co. defendants Supplemental Expert Designation. | 1.0 |
| 6/7/10 | Reviewed Co. defendants supplemental disclosure of Expert Witnesses | 1.0 |
| 8/23/10 | Prepared Plaintiff's objections to County defendant jury instructions | 3.0 |

| Date | Notes | Time |
|---|---|---|
| 9/10/11 | Draft amended exhibit list removing County exhibits | 2.0 |
| 9/11/10 | Modify exhibit binders and oversee removal of exhibits related to county. | 5.0 |
| | | **Total Requested Hours to be Reduced** |
| | | 87.8 |

## Declaration of Dale Galipo

| Date | Notes | Time |
|---|---|---|
| 9/12/09 | Review County's responses to RFP (consisting of 42 recorded statements; witness summaries, inmate death investigation, jail video) | 5.0 |
| 9/19/09 | Review Statement of Christensen | 1.0 |
| 9/19/09 | Review Statement of Rossiter | 1.0 |
| 11/08/09 | Review Report of Strong | 0.5 |
| 11/08/09 | Review Report of Cangas | 0.6 |
| 11/08/09 | Review Report of Morgan | 0.4 |
| 11/08/09 | Review Report of Griffin | 0.5 |
| 11/08/09 | Review Report of Rossiter | 0.5 |
| 12/08/09 | Preparation for Rossiter's Deposition | 2.5 |
| 12/08/09 | Preparation for Christian's Deposition | 2.5 |
| 12/08/09 | Preparation for Lovie's Deposition | 2.0 |
| 12/09/09 | Travel to Eureka | 6.0 |
| 12/10/09 | Attend and take Rossiter's Deposition | 2.0 |
| 12/10/09 | Attend Lovie's Deposition | 3.0 |
| 12/10/09 | Attend and take Christensen's Deposition | 2.0 |
| 12/10/09 | Travel to Los Angeles | 6.0 |
| 12/19/09 | Review of Jones Deposition | 1.5 |
| 12/21/09 | Review of Cangas Deposition | 1.0 |
| 12/21/09 | Review of Morgan Deposition | 1.5 |
| 01/03/10 | Review of Christensen Deposition | 2.0 |
| 01/03/10 | Review of Strong Deposition | 1.5 |
| 01/03/10 | Review of Rossiter Deposition | 1.0 |
| 01/04/10 | Review of Lovie Deposition | 2.0 |
| 01/04/10 | Review of Christian Deposition | 2.0 |
| | | **Total Requested Hours to be Reduced** |
| | | 50 |

# Attachment B

**Attorney Hours Dedicated for Travel**

Decl. of Vicki I. Sarmiento

| Date | Notes | Time |
|---|---|---|
|  |  |  |
| 10/07/09 | Traveled to Eureka | 6.0 |
| 10/09/09 | Traveled to Los Angeles | 6.0 |
| 05/05/10 | Traveled to Eureka for Martin Cotton, Duane Christian, Glenn Courtney and Michael Gage's depos. | 6.0 |
| 05/06/10 | Traveled back to Los Angeles | 6.0 |
| 05/12/10 | Traveled to and from Avenal State Prison for the depo of Kevin Healy | 7.0 |
| 01/31/11 | Traveled to San Francisco for Settlement Conference | 3.0 |
| 02/01/11 | Traveled to Los Angeles | 3.0 |
| 09/11/11 | Traveled to Oakland, CA | 3.0 |
| 09/16/11 | Traveled to Burbank, CA | 3.0 |
| 9/20/11 | Traveled to Oakland, CA | 3.0 |
| 09/23/11 | Traveled to Burbank, CA | 3.0 |

|  |  | **Total Requested Hours to be Reduced** |
|---|---|---|
|  |  | 49 |

Decl. of Dale K. Galipo

| Date | Notes | Time |
|---|---|---|
|  |  |  |
| 10/07/09 | Traveled to Eureka | 6.0 |
| 10/08/09 | Traveled to Los Angeles | 6.0 |
| 01/19/10 | Traveled to Eureka | 6.0 |
| 01/19/10 | Traveled to Los Angeles | 6.0 |
| 12/14/10 | Travel to Oakland | 3.0 |
| 12/14/10 | Travel to Los Angeles | 3.0 |
| 09/06/11 | Travel to Oakland/Prepare | 5.0 |
| 09/06/11 | Travel to Los Angeles | 3.0 |
| 09/11/11 | Travel to Oakland | 3.0 |
| 9/16/11 | Travel to Burbank | 3.0 |
| 09/19/11 | Travel to San Francisco | 3.0 |
| 09/19/11 | Travel to Los Angeles | 3.0 |
| 09/20/11 | Travel to Oakland | 3.0 |
| 09/22/11 | Travel to Burbank | 3.0 |
|  |  | **Total Requested Hours to be Reduced** |
|  |  | 56 |