UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SIEHNA M. COTTON, a minor, by Megan McClure, her guardian ad litem; and MARTIN COTTON, SR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF EUREKA, CALIFORNIA, a political subdivision of the State of California, COUNTY OF HUMBOLDT, CALIFORNIA, a political subdivision of the State of California, et al.,<br><br>Defendants. | Case No: C 08-04386 SBA<br><br>**ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RE PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**<br><br>Dkt. 251, 319 |

The parties are presently before the Court on Plaintiffs' Objections to Magistrate Judge Laurel Beeler's Report and Recommendation Re: Plaintiffs' Motion for Attorney Fees ("R&R"), filed July 5, 2012. Dkt. 319. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby OVERRULES Plaintiffs' objections and ADOPTS the R&R. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.  **BACKGROUND**

Plaintiffs Siehna Cotton and Martin Cotton, Sr., filed the instant survival and wrongful death action pursuant to 42 U.S.C. § 1983 following the death of their father and son, Martin Cotton II ("Decedent"), respectively. The Decedent died while in custody on August 7, 2007 after being severely beaten by City of Eureka Police Officers Justin Winkle, Adam Laird, and Gary Whitmer. The action was tried to a jury, which, on September 23,

1  2011, returned a verdict for Plaintiffs in the amount of $4.575 million.  Dkt. 245, 246.  At

2  trial and for most of the action Plaintiffs were represented by the Law Offices of Dale

3  Galipo and the Law Offices of Vicki Sarmiento.[1]

4        On October 7, 2011, Plaintiffs filed a Motion for Approval of Attorneys' Fees, in

5  which they seek a fee award of $957,187.50, pursuant to 42 U.S.C. § 1988.  Dkt. 251.  The

6  Court subsequently referred the motion to a magistrate judge for the preparation of a report

7  and recommendation.  Dkt. 251, 289.  The motion was referred to Magistrate Judge Laurel

8  Beeler ("the Magistrate") who, on July 5, 2012, issued her R&R in which she

9  recommended granting the motion and awarding fees in the reduced amount of

10  $727,904.00.  R&R at 24, Dkt. 319.  The majority of the proposed fee reduction is

11  attributable to the Magistrate's recommendation to reduce the hourly billing rate for

12  Plaintiffs' counsel, as follows:  Dale Galipo—from $700 per hour to $525 per hour; Vicki

13  Sarmiento—from $575 per hour to $475 per hour; Melanie Partow—from $375 per hour to

14  $300 per hour; and John Fattahi—from $375 per hour to $280 per hour.  Id. at 25.

15        On July 19, 2012, Plaintiffs timely filed objections to the R&R.  Dkt. 320.

16  Specifically, Plaintiffs take issue with the Magistrate's recommendation to reduce the

17  hourly rates of Mr. Galipo, Ms. Sarmiento and Mr. Fattahi.  Defendants have filed an

18  opposition to Plaintiffs' objection, Dkt. 321, though Plaintiffs did not file a reply.  Briefing

19  on the objections is closed and the matter is ripe for adjudication.

20  **II.   LEGAL STANDARD**

21        A motion for attorneys' fees may be referred to a magistrate judge for findings and

22  recommendations in accordance with 28 U.S.C. § 636(b)(1)(B).  See Estate of Conners by

23  Meredith v. O'Connor, 6 F.3d 656, 659 (9th Cir. 1993).  Once findings and

24  recommendations are served, the parties have fourteen days to file specific written

25  objections thereto.  28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2).  The district court must

26  make a de novo determination of those portions of the magistrate judge's report to which a

27

28      [1] The County of Humboldt defendants settled with Plaintiffs prior to trial.

party has interposed an objection. Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)(C)).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III.   DISCUSSION

### A.   ATTORNEYS' FEES

Under 42 U.S.C. § 1988, a court has the discretion to award reasonable attorneys' fees to a prevailing party in a suit brought under 42 U.S.C. § 1983. Braunstein v. Arizona Dept. of Transp., 683 F.3d 1177, 1187 (9th Cir. 2012).  The proper method for determining a reasonable fee award is the lodestar method of calculation, which multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. In re Bluetooth Headset Products Liab. Litig., 654 F.3d 935, 941-42 (9th Cir. 2011) (internal citations omitted). "In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Imgram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) (internal quotations and citation omitted) (per curiam).  The "relevant legal community" in the lodestar calculation is generally the forum in which the district court sits. Mendenhall v. NTSB, 213 F.3d 464, 471 (9th Cir. 2000).  "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984); accord Van Skike v. Director, Office of Workers' Compensation Programs, 557 F.3d 1041, 1046 (9th Cir. 2009).

### B.   SPECIFIC OBJECTIONS

#### 1.   Dale Galipo

Plaintiffs request that the Court approve an hourly rate of $700 for Mr. Galipo.  In contrast, Defendants argue that the Court should follow the Central District's decision in Ingram v. City of San Bernadino, No. EDCV 05-925-VAP (SGLx), 2007 WL 5030225, at

1 *7-8 (C.D Cal., Aug. 27, 2007), which found that $500 per hour was a reasonable rate for
2 Mr. Galipo in a § 1983 excessive force action.  To resolve the parties' dispute, the
3 Magistrate began first by examining the evidence adduced by Plaintiffs to determine
4 whether a $700 per hour rate for Mr. Galipo was in accord with the prevailing rate in this
5 District for attorneys of comparable skill, experience, and reputation.  After concluding that
6 Plaintiffs' evidence was deficient, the Magistrate examined a variety of cases which she
7 found "probative of the market rates in the San Francisco Bay Area," as well as other fee
8 awards involving Mr. Galipo.  R&R at 13.  Based on said review, the Magistrate ultimately
9 recommended that the Court calculate Plaintiffs' fee award based on a rate of $525 per hour
10 for Mr. Galipo.  Id. at 16.

11 In their objections, Plaintiffs contend that "Mr. Galipo should not be relegated to the
12 $500 hourly rates awarded to him back in 2006 and 2007," and argue that they submitted
13 sufficient evidence to support a $700 per hour rate.  Pls.' Objections at 2, Dkt. 320.  These
14 contentions lack merit.  The Magistrate did not limit her review to cases from 2006 and
15 2007; in fact, she considered cases involving Mr. Galipo up to 2011.  R&R at 15.  As to
16 their ancillary contention, Plaintiffs ignore the Magistrate's detailed discussion regarding
17 the infirmities in the declarations and other evidence which they submitted.  R&R 6-10.  In
18 particular, she found that three of Plaintiffs' declarations pertained to rates charged in
19 Southern California, not the San Francisco Bay Area, and that the fourth declaration lacked
20 foundation.  Id.  As to the Westlaw CourtExpress Market Survey proffered by Plaintiffs, the
21 Magistrate found it to be of little probative value because it was unclear whether the firms
22 cited therein practiced in federal, as opposed to state court; the rates were based on rates for
23 transactional attorneys as wells as for litigators; the report did not delineate the rates for
24 attorneys practicing in Northern California; and it was unclear from the report whether the
25 fees were actually charged and collected by the listed counsel.  Id. at 9-10.

26 Notably, Plaintiffs do not object to or otherwise challenge the Magistrate's decision
27 to discount their declarations and evidence.  Instead, Plaintiffs now direct the Court's
28 attention to Campbell v. National Passenger R.R. Corp., 718 F. Supp. 2d 1093 (N.D. Cal.

- 4 -

2010), where Judge Wilken ruled that $700 per hour was a reasonable rate for plaintiff's lead attorney, Pamela Price, in an employment discrimination case. According to Plaintiffs, Campbell supports the notion that $700 per hour is appropriate for an experienced civil rights attorney practicing in this District, particularly in light of the results achieved in this case. The Court agrees that Mr. Galipo's work in this case was exemplary and that he and his co-counsel achieved an outstanding result for their clients.[2] In Campbell, however, plaintiffs submitted declarations from three atttorneys who "practiced law in the Northern District of California for many years" and who were familiar with the rates charged by attorneys in the San Francisco Bay Area as well as the nature and quality of Ms. Price's legal skills. 718 F. Supp. 2d at 1099-1100. In contrast, no comparable evidence has been submitted by Plaintiffs in this action.

In view of the infirmities in Plaintiffs' evidentiary support for their fee motion, the Magistrate acted reasonably in surveying fee awards in comparable cases to acertain the rate prevailing in this District for similar work performed by attorneys of comparable skill, experience, and reputation. See Imgram, 647 F.3d at 928 ("judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees."). Accordingly, Plaintiffs' objection to the Magistrate's recommendation as to the rate for Mr. Galipo is OVERRULED.

### 2. Vicki Sarmiento

The Magistrate found that $475 per hour, as opposed to $525 per hour, is a reasonable hourly rate for Ms. Sarmiento. She reasoned that Plaintiffs failed to meet their burden of offering specific evidence to support a rate of $525 per hour. R&R at 17. Consequently, the Magistrate looked to other authorities to determine a reasonable rate for

---

[2] Defendants posit that "the quality of the representation was something less than 'outstanding'" and asserts that Mr. Galipo engaged in misconduct during trial. See Defs.' Opp'n at 3. However, this Court previously rejected Defendants' baseless assertions that Plaintiffs' counsel engaged in misconduct. See Cotton ex rel. McClure v. City of Eureka, Cal., -- F. Supp. 2d --, 2012 WL 909669, at *12-18 (N.D. Cal., Mar. 16, 2012). Indeed, it was defense counsel whom the Court was compelled on numerous occasions to admonish due to their inappropriate and misguided conduct during trial.

someone of Ms. Sarmiento's skill, experience and reputation who practices in this District. Id.

In their objections, Plaintiffs merely reiterate that Ms. Sarmiento has extensive experience in civil rights actions, and that she played a significant role in preparing the case for trial and in trying the case. Pls.' Objections at 4. As discussed above, however, Plaintiffs have failed to produce satisfactory evidence that the requested rate for Ms. Sarmiento is in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. See Blum, 465 U.S. at 896 n.11. Thus, Plaintiffs' objection to the Magistrate's recommendation as to the reasonable rate for Ms. Sarmiento's is OVERRULED.[3]

### 3. John Fattahi

Finally, Plaintiffs object to the Magistrate's recommendation that Mr. Fattahi be compensated at a rate of $280 per hour instead of $375 per hour. In particular, Plaintiffs contend that the Magistrate erred in discounting the declaration of Eric Emanuel, a partner at the Los Angeles office of Quinn Emanuel Urqhart & Sullivan ("Quinn Emanuel"), who confirms that Mr. Fattahi's billable rate between 2007 and 2009 was $365 per hour during the time period he worked there. Emanuel Decl. ¶ 2, Dkt. 252-2.

The Court finds no error in the Magistrate's recommendation. Plaintiffs provided no evidence to demonstrate that the services he provided while at Quinn Emanuel are similar to those while employed by Dale Galipo. In addition, the $365 per hour rate was for

---

[3] Plaintiffs' reliance on the Los Angeles County Superior Court's ruling in Macias v. County of Los Angeles, No. VC 040702 awarding attorneys' fees based on a rate of $500 per hour for Mr. Sarmiento is inapposite. See Pls.' Mot., Ex. 1, Dkt. 320-1. The state court's pro forma order provides no analysis as to how the court arrived at that rate. In addition, there is no indication that the award was based on prevailing rates for comparable attorneys practicing in *this* District.

services provided out of Quinn Emanual's Los Angeles office, which is not probative of the prevailing rate in this District.  Accordingly, Plaintiffs' objection to the Magistrate's recommendation as to the rate for Mr. Fattahi is OVERRULED.

## IV.   CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1.   Plaintiffs' objections to the Magistrate's R&R pertaining to Plaintiffs' motion for attorneys' fees are OVERRULED.  The Court ADOPTS the R&R, which shall become the order of the Court.  Plaintiffs' motion for attorneys' fees is therefore GRANTED in the amount of $727,904.00.

2.   This Order terminates Docket Nos. 251 and 319.

IT IS SO ORDERED.

Dated:  August 24, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge