Dale K. Galipo, SBN 144074
Law Offices of Dale K. Galipo
21800 Burbank Blvd., Suite 310
Woodland Hills, California 91367
Tel: (818) 347-3333

Vicki I. Sarmiento, SBN 134047
Attorney at Law
333 N. Garfield Avenue
Alhambra, California 91801
Tel: (626) 308-1171
Attorneys for Plaintiffs

Nancy K. Delaney, SBN 70617
Nicholas R. Kloeppel, SBN 186165
MITCHELL, BRISSO, DELANEY & VRIEZE, LLP
Attorneys at Law
814 Seventh Street
P. O. Drawer 1008
Eureka, CA 95502
Tel: (707) 443-5643
Fax: (707) 444-9586

George E. Murphy, SBN 91806
Suzanne M. Nicholson, SBN 208163
MURPHY, CAMPBELL, GUTHRIE & ALLISTON
8801 Folsom Blvd., Suite 230
Sacramento, CA 95826
Tel: (916) 400-2300
Fax: (916) 400-2311

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIEHNA M. COTTON, a minor, by Megan McClure, her guardian ad litem; and MARTIN COTTON, SR., an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF EUREKA, CALIFORNIA, a political subdivision of the State of California; et al.,<br><br>    Defendants. | CASE NO.: C 08-04386 SBA<br><br>NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO VACATE JUDGMENT<br><br>DATE: December 18, 2012<br>TIME: 1:00 p.m.<br>CTRM: 1, 4th Floor, Oakland<br>Honorable Saundra B. Armstrong |

NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO VACATE JUDGMENT

# NOTICE

PLEASE TAKE NOTICE that on **December 18, 2012, at 1:00 p.m.**, in Courtroom 1, of the above-entitled Court located at 1301 Clay Street, Oakland, California, plaintiffs and defendants will jointly move the Court for an order vacating the judgment against defendants City of Eureka, Justin Winkle, Adam Laird and Gary Whitmer. The motion is brought pursuant to Federal Rules of Civil Procedure Rule 60(b)(5) as set forth below.

## RELIEF REQUESTED

The parties seek that the judgment be vacated.

## CERTIFICATION REGARDING MEET AND CONFER

The undersigned hereby certifies that the parties have met and conferred and have agreed to jointly file this motion.

I.  **INTRODUCTION**

The parties in the above entitled-action have agreed to settle this case. The judgment entered in this Court is not yet final because defendants filed a timely notice of appeal. Defendants have agreed to dismiss the appeal subject to this court vacating the judgment and approving the petition for compromise of the minor's claim. As such, plaintiffs and defendants move jointly to vacate the judgment.

The balance of equities favors an order vacating the judgment in this case. There are no consequences or attendant hardships in vacating the judgment. As the settlement and dismissal of the appeal are conditioned on an order vacating the judgment, a denial of this motion will result in a failure of the settlement between the parties. The parties will endure the hardship of prosecuting and defending this appeal, including the additional time and expense involved, as well as the risks attendant to a final decision following appeal. From the plaintiffs' perspective these risks include reversal of the judgment or a

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

1

NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO VACATE JUDGMENT

portion thereof or, at the very least, further delay in obtaining satisfaction of the judgment. From the defendants' perspective these risks include having the judgment affirmed and the attendant financial obligations resulting from a final judgment.

Further, the consideration of the competing values of finality and the right to relitigation of unreviewed disputes favors vacatur of the judgment. The settlement will preclude any future litigation based on the circumstances involved in this case. Moreover, all applicable limitations periods have expired. The plaintiffs did not seek prospective relief, nor was prospective relief ordered. As such, vacating the judgment will not result in the avoidance of collateral estoppel or res judicata in any future litigation between the parties. The Court's interlocutory orders in this case are already available on WestLaw and through PACER to other parties in other suits, thereby preserving the persuasive guidance afforded by such orders. In turn, the settlement will conserve judicial resources, especially those of the Ninth Circuit in deciding the appeal.

Based on the foregoing, the parties submit that the motion to vacate the judgment against the defendants should be granted.

## II. STATEMENT OF RELEVANT FACTS

Plaintiff Siehna Cotton and Martin Cotton, Sr., filed a survival and wrongful death action pursuant to 42 U.S.C. § 1983 and attendant state law following the death of Martin Cotton II ("decedent"). The decedent died while in custody on August 7, 2007, after his arrest by City of Eureka Police Officer Adam Laird, with the assistance of Officers Justin Winkle, Gary Whitmer and others. The action was tried to a jury. On September 23, 2011, the jury returned a verdict for the plaintiffs. Judgment was entered on the verdict and defendants have appealed.

The parties successfully mediated this case on September 13, 2012. (Declaration of Nicholas R. Kloeppel [hereafter "Dec. of Kloeppel"].) A tentative settlement has been

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

2

NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO VACATE JUDGMENT

reached and the parties have approved the form of the settlement agreement.[1] (Settlement Agreement attached to the Dec. of Kloeppel as *Exhibit A*.) Pursuant to the settlement agreement, the settlement is contingent upon the District Court vacating the judgment against the defendants. (*Id.*)

Prior to filing this motion, defendants dismissed their appeal without prejudice to reinstatement upon either the District Court's denial of the petition for approval of minor's compromise or denial of the motion to vacate the judgment. (Order Granting Motion to Dismiss Appeal Without Prejudice to Reinstatement, attached to the Dec. of Kloeppel as *Exhibit B*.)

Plaintiffs did not seek prospective relief, nor was any prospective relief ordered prior to or by way of the judgment. (Dec. of Kloeppel.) The settlement agreement, by its terms, will preclude any future litigation based on the circumstances involved in this case. (Dec. of Kloeppel, *Exhibit A*.) Moreover, all applicable limitations periods have expired. (Dec. of Kloeppel.)

If the verdict and judgment are not vacated, the parties will endure the hardship of prosecuting and defending this appeal, including the additional time and expense involved, as well as the risks attendant a final decision following appeal. (Dec. of Kloeppel.) For the plaintiffs, these risks include reversal of the judgment or a portion thereof or, at the very least, further delay in obtaining satisfaction of the judgment. (*Id.*) Defendants risk having the judgment affirmed. (*Id.*)

Settlement of this case, by way of an order vacating judgment, will conserve judicial resources of the Ninth Circuit in deciding this appeal. (*Id.*)

---

[1] The settlement agreement has yet to be executed as approval of the minor's compromise of plaintiff Siehna Cotton is required before plaintiffs are authorized to do so. Plaintiffs' petition for approval of the minor's compromise is set to be heard contemporaneously with the subject motion.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

3

NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO VACATE JUDGMENT

## III. LEGAL DISCUSSION

### The Parties' Joint Motion To Vacate The Judgment Against Defendants Should Be Granted In Balancing The Equities Attendant To Settlement.

The District Court has "equitable discretion when reviewing its own judgments." *Am. Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998). The Ninth Circuit requires courts to employ an "equitable balancing test," under which it may decide whether to vacate its rulings in light of: (1) the consequences and attendant hardships of dismissal or refusal to dismiss, and (2) the competing values of finality and the right to relitigation of unreviewed disputes. *Id.* at 168-169; *Dilley v. Gunn*, 64 F.3d 1365, 1371 (9th Cir. 1995); and *Ringsby Truck Lines v. Western Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982).

Where the parties jointly move to vacate the judgment as a condition of settlement, the court should support the negotiated terms of the settlement if appropriate. See e.g., *Ahern v. Central Pacific Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988) ("The Ninth Circuit is firmly 'committed to the rule that the law favors and encourages compromised settlements.'" (quoting *United States v. McInnes*, 556 F.2d 436, 441 (9th Cir. 1977).).

Here, an order vacating the judgment is supported in balancing the equities in this case. Vacatur of the judgment is a condition to settlement pursuant to the agreed upon terms by the parties. If the judgment is not vacated, the case will not resolve and the appeal will be reinstated. The parties will be forced to expend considerable time and financial resources in prosecuting and defending the appeal, respectively. Additionally, the parties will run considerable risk in proceeding with the appeal. The plaintiffs will run the risk of having the judgment reversed in whole or in part, leading to retrial of the case or less of a recovery. At the very least, plaintiffs will be forced to wait months, possibly even years, before the judgment is satisfied. Defendants will run the risk of the

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

4

NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO VACATE JUDGMENT

judgment being affirmed. By comparison, there does not appear to be any hardship in vacating the judgment.

The consideration of the competing values of finality and the right to relitigation of unreviewed disputes favors vacatur of the judgment. Several cases discuss the great public interest in the finality of rulings and the early operation of the judicial system. See e.g., *Independent Union of Flight Attendants v. Pan Am World Airways, Inc.*, 810 F.Supp. 263, 266 (vacatur denied where sole basis for vacating judgment was to avoid precedential implications of ruling on labor issues); and *National Union Fire Insurance Company v. Sea First Corp.*, supra, 891 F.2d at 769 (9th Cir. 1989). Here, the settlement will preclude any future litigation based on the circumstances involved in this case. Moreover, all applicable limitations periods have expired. The plaintiffs did not seek prospective relief, nor was prospective relief ordered. As such, vacating the judgment will not result in the avoidance of collateral estoppel or res judicata in any future litigation between the parties. The persuasive guidance of the interlocutory orders in this case will also be preserved.[2]

---

[2] Future litigants in other cases will have available to them the Court's reasoning in support of its interlocutory orders in this case even if the judgment is vacated. (See e.g., *White v. Shen*, supra, 2011 WL 2790475 at p. 2. (granting motion to vacate the judgment based, in part, of the fact that the court's interlocutory orders were available to other parties in other cases on WestLaw and PACER, thereby preserving the persuasive guidance of the same.). The court issued a variety of interlocutory orders which are currently accessible in this case on PACER and on West Law as follows:  Order Regarding Motion to Extend Discovery Cut-Off, Docket #65, 2010 WL 2382255 (N.D. Cal. June 10, 2010); Order Regarding Motion for Evidentiary Sanctions, Docket #87, West Law 2010, WL 2889498 (N.D. Cal. July 22, 2010); Orders Regarding Motions In Limine, Docket #147, 2010 WL 5154945 (N.D. Cal. December 14, 2010); Supplemental Order Regarding Motions In Limine, Docket #212, 2011 WL 4047490 (N.D. Cal. September 8, 2011); Order Regarding Judgment As A Matter Of Law, Docket #241, 2011 WL 4434650 (N.D. Cal. September 23, 2011); Order Regarding Post Trial Motions, Docket #296, 2012 WL 909669 (N.D. Cal. March 16, 2012); and Order Regarding Attorneys' Fees, Docket #325, 2012 WL 3670704 (N.D. Cal. August 24, 2012). (Defendants' Request for Judicial Notice.)

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

5

NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO VACATE JUDGMENT

Based on the foregoing, the parties jointly request that the court enter an order vacating the judgment in the above-entitled action against all defendants.

### IV. CONCLUSION

For the aforementioned reasons, the parties' joint motion to vacate the judgment against defendants should be granted.

DATED: October 25, 2012                MITCHELL, BRISSO, DELANEY & VRIEZE

By:   /s/ Nicholas R. Kloeppel
      Nicholas R. Kloeppel
      Attorneys for Defendants
      CITY OF EUREKA, JUSTIN WINKLE, ADAM LAIRD, GARY WHITMER

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

6

NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO VACATE JUDGMENT