UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SIEHNA M. COTTON, a minor, by and Megan McClure, her guardian ad litem; and MARTIN COTTON, SR., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF EUREKA, CALIFORNIA, a political subdivision of the State of California, COUNTY OF HUMBOLDT, CALIFORNIA, a political subdivision of the State of California, et al.,<br><br>Defendants. | Case No: C 08-4386 SBA<br><br>**ORDER GRANTING JOINT MOTION TO VACATE JUDGMENT AND APPROVING APPLICATION FOR MINOR'S COMPROMISE**<br><br>Dkt. 327, 332 |

The parties are presently before the Court on (1) the parties' Joint Motion to Vacate Judgment; and (2) Plaintiff's Application for Approval of Minor Siehna M. Cotton's Compromise. Dkt. 327, 331. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS both requests. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.  BACKGROUND**

Plaintiffs Siehna M. Cotton ("Siehna") and Martin Cotton, Sr. ("Mr. Cotton"), filed the instant survival and wrongful death action pursuant to 42 U.S.C. § 1983 following the death of their father and son, Martin Cotton II ("Decedent"). A jury trial commenced on September 12, 2011, against the City of Eureka and police officers Justin Winkle, Adam Laird and Gary Whitmer. On September 23, 2011, the jury returned a verdict for Plaintiffs and awarded $4,000,000 in compensatory damages to Siehna, $500,000 in compensatory

1 damages to Mr. Cotton, and imposed punitive damages against the individual officers in the
2 aggregate amount of $75,000. Dkt. 245. On the same day, the Court entered judgment in
3 favor of Plaintiffs in accordance with the jury's verdict. Dkt. 246.

4       On March 27, 2012, Defendants filed a notice of appeal from the judgment. Dkt.
5 297. During the pendency of the appeal, however, the parties mediated their dispute and
6 reached a settlement of the entire case. The settlement will result in a $4,000,000 payment
7 to Siehna, and $500,000 to Martin Cotton, Sr. An order vacating the judgment is a
8 condition of the settlement. To that end, the parties have now jointly requested that the
9 Court vacate the judgment. Dkt. 327.[1] Additionally, because Siehna is a minor, Plaintiffs
10 seek approval of her proposed settlement. Dkt. 331.

11 **II.    DISCUSSION**

12     **A.    MOTION TO VACATE JUDGMENT**

13       Federal Rule of Civil Procedure 60(b) affords the district court discretion to vacate a
14 judgment "when the equities so demand[.]" Am. Games, Inc. v. Trade Prods., Inc., 142
15 F.3d 1164, 1168 (9th Cir. 1998); see Fed. R. Civ. P. 60(b)(6) (permitting the court to vacate
16 a judgment "any other reason that justifies relief."). A post-judgment settlement does not
17 ipso facto require the district court to vacate a judgment; "otherwise, any litigant
18 dissatisfied with a trial court's findings would be able to have them wiped from the books."
19 Bates v. Union Oil Co. of Cal., 944 F.2d 647, 650 (9th Cir. 1991) (internal quotations and
20 citations omitted). Thus, where the parties seek to vacate a judgment based upon a
21 settlement, two equitable considerations should be addressed: "[1] the consequences and
22 attendant hardships of dismissal or refusal to dismiss and [2] the competing values of
23 finality of judgment and right to relitigation of unreviewed disputes." Dilley v. Gunn, 64
24 F.3d 1365, 1371 (9th Cir. 1995) (internal quotations and citations omitted).

---

27     [1] In connection with said motion, the Ninth Circuit has granted Defendants' motion to dismiss the appeal without prejudice to reinstatement in the event the Court declines to
28 vacate the judgment. Dkt. 332.

Here, both of the concerns germane to a request to vacate a judgment militate in favor of granting the parties' joint request.  First, if the settlement is not realized, the parties will be compelled to proceed with the appeal, which carries with it inherent risks to both sides.  Both parties will face months or perhaps years of delay and uncertainty, incur additional costs and face the prospect of having to retry some or all of the case at a future date in the event the judgment is reversed.  In contrast, no hardship is likely to result from vacating the judgment, as the settlement grants Plaintiffs the same amount of compensatory damages that was awarded under the verdict.  As to the second consideration, the settlement will finally resolve all disputes between the parties arising from the death of the Decedent and, importantly, bring will closure for all involved.

While not every settlement warrants vacating a judgment reached following a jury verdict, the Court finds that the unique circumstances of this case, which has entailed years of difficult litigation, on balance, warrant granting the parties' joint request to vacate the judgment in order to facilitate the settlement.  See Ahern v. Central Pac. Freight Lines, 846 F.2d 47, 48 (9th Cir. 1988) ("The Ninth Circuit is firmly committed to the rule that the law favors and encourages compromise settlements.") (internal quotations and citation omitted).  Accordingly, the parties' joint request to vacate the judgment is GRANTED.

**B.     APPLICATION FOR MINOR'S COMPROMISE**

As part of the proposed settlement, Plaintiffs also seek judicial approval of proposed compromise of Siehna's claims.  In considering the fairness of a settlement of a minor's claim, federal courts generally are guided by state law.  See Schwarzer, Tashima & Wagstaffe, California Practice Guide, Federal Procedure Before Trial ¶ 15.138 at 15-48 (TRG 2012).  California law "bestows broad power on the court to authorize payment from the settlement—to say who and what will be paid from the minor's money…."  Goldberg v. Superior Court, 23 Cal.App.4th 1378, 1382 (1994).  The Court's role in approving a minor's compromise is to "assure that whatever is done is in the minor's best interest" and that "the compromise is sufficient to provide for the minor's injuries, care and treatment."  Id.  "[A] court must independently investigate and evaluate any compromise or settlement

of a minor's claims to assure itself that the minor's interests are protected … even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983).

Here, the settlement for Siehna, for all intents and purposes, mirrors the jury's verdict and the judgment entered in this action. See Kloeppel Decl. Ex. A (General Release of All Claims § 2.0), Dkt. 328; Final Judgment, Dkt. 246; Jury Verdict, Dkt. 245. Thus, based on the information presented in connection with the Application, coupled with the Court's familiarity with the facts and procedural history of this action, the Court is satisfied that the proposed minor's compromise is fair and reasonable and sufficiently protects her interests. In addition, the Court finds that the proposed structure of the settlement protects the interest of Siehna by ensuring that the settlement will remain in a blocked account interest bearing account until she reaches majority. Therefore, Plaintiffs' application for approval of the minor's compromise is GRANTED.

## III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT

1. The Joint Motion to Vacate Judgment is GRANTED. The judgment entered on September 23, 2011 (Dkt. 246) is vacated.

2. Application for Approval of Minor Siehna M. Cotton's Compromise is GRANTED, subject to the following:

   a. The settlement of minor Siehna M. Cotton's action against the Defendants in the sum of $4,000,000.00 is hereby approved. Defendant City of Eureka, through counsel, shall prepare and deliver drafts for the partial settlement proceeds, no later than twenty (20) days from the date of this Order, payable as follows:

   i. A draft for $998,103.00 shall be made payable to John Hancock Assignment Company and $1,648,662.90 shall be made payable to BHG Structured Settlement, Inc., as Assignees for the benefit of minor Siehna M.

Cotton. These funds shall be used to purchase two annuities in accord with the Addendum ("Exhibit A") to this Order which outlines the future periodic payments;

  ii. The Assignees shall have the right to fund its liability to make periodic payments to the minor plaintiff by purchasing an annuity policy from John Hancock Life Insurance Company U.S.A. and Berkshire Hathaway Life Insurance Company of Nebraska. Attached hereto as "Exhibit B" is a copy of this rating information and a sample annuity policy. John Hancock Life Insurance Company U.S.A. and Berkshire Hathaway Life Insurance Company of Nebraska will act as Guarantors of the Assignees.

  iii. The Court approves Megan McClure to be named as primary beneficiary on Siehna's M. Cotton's structured settlement.

  iv. A draft for $1,353,234.10 shall be made payable to the Law Offices of Dale K. Galipo and Law Offices of Vicki I. Sarmiento, representing the minor's share of attorneys' fees and costs.

 b. The Court directs the Assignees to purchase the annuity contracts on behalf of Siehna M. Cotton. The funds shall be disbursed in accord with the terms of the Annuities as outlined in the Addendum attached to this Order as "Exhibit A." John Hancock Life Insurance Company U.S.A. and Berkshire Hathaway Life Insurance Company of Nebraska shall act as Guarantors of the Assignees. Disbursement drafts will be made payable and issued directly to Siehna M. Cotton upon reaching the age of maturity according to the payment schedule.

 c. Absent a further order of this Court, there will be no distributions to any person other than specified by this Order.

3. This Order terminates Docket 327 and 332.

IT IS SO ORDERED.

Dated: November 30, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge